## NICHOLS ET AL. v. WHITING.

In a plea of tender, of goods or other things upon an obligation, the articles tendered, must be described, so as they can be distinguished and known.

ERROR to reverse a judgment of the County Court, in an action brought by said Whiting against said Nichols et al. upon a note dated the 11th of April, A. D. 1789, wherein the defendants promised to pay to the plaintiff £5 10s. lawful moneys' worth of shopwork, at their shop in Fairfield, at the appraisal of indifferent men, by the 1st of June then next.

Plea in bar — That on the 1st day of June, A. D. 1789, the defendants offered and tendered to the plaintiff, at their shop in said Fairfield, shopwork, such as chairs, bedsteads, etc. sufficient to pay said note at the appraisal of indifferent men at cash price, in payment and satisfaction of said note; and on the whole of said day they stood ready to deliver said shopwork, and did offer and tender the same, but the plaintiff did not come to receive the same, nor any person in his behalf.

The plaintiff traversed the defendants' plea, and the parties were at issue thereon to the jury.

The jury found that the defendants did not at their said shop, on said 1st day of June, offer and tender to the plaintiff, shopwork sufficient to pay said note, at the appraisal of indifferent men at cash price, in manner and form as the defendants in their plea had alleged, and for the plaintiff to recover.

Motion in arrest — That the jury have not found a material part of the issue, viz. that the defendants stood ready the whole of said day and offered and tendered said shopwork.

The County Court determined the motion in arrest to be insufficient, and gave judgment for the plaintiff to recover.

Errors assigned — That the County Court judged said motion in arrest insufficient, whereas they ought to have judged it to have been sufficient.

By the COURT. There is nothing erroneous in the judgment complained of; the plea in bar is insufficient, in that it doth not particularize the articles of shopwork tendered, whereby they could be distinguished and known. Otherwise the plaintiff would be barred of his action, by the tender, without being able ever to recover the articles tendered, for want of being particularly distinguished and described.