The defendant, by his plea in bar, admitted the making of the note, but he alleged that it was given in consideration of a wagon which he then bought of the plaintiff, and further states that it was at the same time agreed between them, that if the said R. should call for said barrels before the said 20th day of Sep- [ * 475 ] tember, [the day of payment fixed by the note,] * he, the said L., should deliver them, if he had them on hand ; and that if the said R. should not call for said barrels before, nor at the said time of payment, the said L. should not make an actual tender and delivery of the said barrels, but that, if he should, on the said 20th day of September, have at his dwelling-house the said twenty- *415 seven barrels ready to deliver the same whenever he, the said R., should call therefor, in that case the said R. would call for the said barrels, and take them in payment of said note, as he should find it convenient; and the defendant avers that at the time of making the note, he offered to deliver to the said R. the said barrels, and has always since, and particularly on the said 20th of September, had, and still has, the said barrels at his dwelling-house, ready to deliver to said R. whenever he should or shall call for them.
To this plea in bar the plaintiff demurred specially, assigning as a cause of demurrer, that the defendant had, by his bar, attempted to introduce paroi evidence, substantially to vary and annul a written agreement. The defendant joined in demurrer, and the Court of Common Pleas gave judgment that his plea in bar was good and sufficient.
The error relied on by the plaintiff in error is substantially the same as the cause of his demurrer to the defendant’s plea in bar. And this point was argued at some length by Dewey for the plaintiff in error, and Williams for the defendant in error, at the September term, 1806. The cause has stood continued for advisement from that time to the present; and now, the Chief Justice observed that it was unnecessary in this case to decide whether the paroi evidence stated in the bar was or was not sufficient in law to prove the allegations intended to be supported by it; for, in looking into the record, it appears that the plaintiff has declared on a contract of the defendant’s, by which he promised to deliver at his dwelling-house twenty-seven ash barrels, on the 20th day of September, 1804. The defendant, in his bar, among other allegations, avers that on that day, at his dwelling-house, he was ready to deliver the same barrels to the plaintiff. If he had also averred that the plaintiff was not there to receive them, this plea, if true, would have been a good bar, and * pleaded in good form. By the con- [ * 476 ] tract declared on, he was to deliver them at no other time or place. He could not tender them, unless the plaintiff was there. He had done all that he could do; and it was owing to the plaintiff’s loches that the contract, as written, was not performed. As neither duplicity in pleading, nor any defect of form, is assigned as a special cause of demurrer, the bar appears to be good. A material fact is alleged, which the plaintiff might have traversed ; and if the defendant had not the barrels ready, or if the plaintiff had been present to receive them, and they were not delivered, the issue must have been found for him. On this ground, therefore, without deciding on the admissibility of the paroi agreement, we are satisfied that the judgment of the Common Pleas was right.

Let the judgment he affirmed, with costs.