Aldrich *v.* Albee & al.

## ALDRICH *v.* ALBEE & AL.

If there be a promise in writing to deliver specific articles at a day certain, and no place be mentioned in the note, the creditor has the right of appointing the place.

A plea of tender of specific articles must state that they were kept ready until the uttermost convenient time of the day of payment.

If a promise be in the alternative to deliver one article at one place, *or* another at another place, at the election of the debtor, it seems he ought to give the creditor seasonable notice of his election.

*Assumpsit* on a promissory note made by the defendants, for forty-seven dollars, payable to the plaintiff in English hay, hemlock bark, *or* good shingles. The defendants pleaded in bar, " that the plaintiff, at the time when said note was made and delivered, named and appointed the defendants' barn in *Malta* as the place for the delivery of the hay, and the public road between their house and —— *Herriman's* in said *Malta* as the place for the delivery of the bark: and that on the day when said note became due and payable, they had, in their said barn, good English hay of a sufficient value to pay said

Aldrich v. Albee & al.

note, and were ready at their said barn in *Malta* to deliver and pay to said *Aldrich* the sum mentioned in said note with interest then due, in hay, according to the tenor and effect of said note; but neither the said *Aldrich* nor any other person for him were present to receive the same; and this," &c.

To this plea the plaintiff demurs in law; alleging for cause, that the defendants by their plea attempt to contradict or vary a written contract, perfect and intelligible by itself, by means of parol evidence;—that it is not in the plea alleged that the barn and road were the places agreed to by the parties as the places of delivery;—nor that the defendants had any quantity of hay or bark at said barn or in said road, ready to be delivered in payment of said note, at the uttermost convenient time of the day of payment;—nor that the defendants ever gave notice to the plaintiff which of the articles mentioned in said note they would deliver in payment of the same, nor at what place they would deliver them, nor that they were requested by the plaintiff to appoint such place;—nor that any bark or shingles were ever at any place ready to be delivered to the plaintiff in payment of said note.

*Sprague,* in support of the demurrer.

1. The place of delivery not being named in the note, by the parties, the law has fixed it for them; and any parol agreement made at the same time, and varying the legal construction, is inadmissible. *Robbins v. Luce,* 4 *Mass.* 474. A subsequent appointment might be good, though by parol; but not if made at the execution of the note. *Thompson v. Ketcham,* 8 *Johns.* 189. Yet here, the proof went to shew the original agreement to be different from the writing.

2. The articles said to be tendered, are not set forth, nor described either in quantity or kind. If taken away by a stranger, the plaintiff could not identify them in replevin, nor describe them in trover. They were never severed from any other of the defendant's goods. *Newton v. Galbraith,* 5 *Johns.* 119. *Peake's Ev.* 258. *note W.*

3. If it was the right of the plaintiff to elect in what kind of the goods he would receive his pay, the defendants should have had enough of *each* kind there ready. But if the right of election was with the defendants, they ought to have given notice to

the plaintiff what kind of goods they would deliver, that he might come prepared to receive them. *Rogers v. Van Hoesen,* 12 *Johns.* 221. Here the defendants claim to have had a choice of two places; and at the day of payment the plaintiff could not know at what place, or in what goods the payment would be made. *Hallings v. Conant, Cro. El.* 517. 5 *Rep.* 22. b. S. C. *Am. Prec. Decl.* 82.

4. The plea does not allege a tender at the uttermost convenient time, nor at any time of the day. And if an issue were taken on the plea, it would be enough for the defendants to show that the goods were at the place a single moment, in the morning. *D. of Rutland v. Batty,* 2 *Stra.* 777. *Co. Lit.* 202. *a.* 206. *b.* *Peake's Ev.* 258. *Lancashire v. Killingworth,* 2 *Salk.* 623. 1 *Com. Rep.* 116. *Ld. Raym.* 686. *Wade's case,* 5 *Rep.* 118. *Com. Dig. Pleader,* 2 *W.* 49. *Pinser v. Proud, Cro. Jac.* 423.

R. *Williams,* for defendants.

The legal construction of the contract is, that the defendants were bound to pay at such place as the plaintiff should reasonably appoint. It was the plaintiff's duty to fix the place, and this is all we have attempted to shew in the plea. No matter when the plaintiff made the appointment, if he made it at all. Having designated the place, it was his duty to be present at the time of payment, to receive the goods. His absence all the day, is equivalent to a tender and refusal. He might have replied his being there, ready to receive the articles tendered; but failing to do this, it was enough for the defendants to say that they had the hay there on the day. *Bac. Abr. Tender, H.* 2. *Huish v. Philips, Cro. El.* 755. *Co. Lit.* 207. *a.*

MELLEN C. J. In the decision of this cause we do not think it necessary to examine particularly all the causes of demurrer which have been assigned by the plaintiff; as we consider one of them as presenting a decisive objection to the plea in bar.

No place being specified in the promissory note declared upon, it was the right of the plaintiff to name the place for delivery of the articles promised. *Co. Lit.* 210. 3 *Leon.* 260.

And he might appoint the place immediately after the note

Aldrich *v.* Albee & al.

was signed, as well as at any other time; because such appoint-ment and notice were for the benefit of the promissors.

Proof of this appointment, therefore, is no alteration of the contract, within the meaning of the cases cited upon this point, by the counsel for the plaintiff. It is only the addition of a fact, to enable the promissors more conveniently to perform the contract.

We are inclined to the opinion that the plea is defective, as it contains no averment that the defendants, before the day ap-pointed for payment of the note, gave notice to the plaintiff which of the articles mentioned they elected to deliver ;—be-cause, as different places were appointed for the delivery of the articles, it would seem reasonable that the plaintiff should know in season at which of the appointed places he should attend to receive them. A case in *Cro. El.* 517. appears to support this principle ; but the authorities relative to this point do not ap-pear very clear or precise. We therefore do not give any ex-press opinion on this cause of demurrer, nor profess to decide the cause upon it.

The principal and fatal defect in the plea is, that it does not appear that the defendants had the articles at the respective places appointed and ready to be delivered, at the uttermost convenient time of that day. On this point the authorities are numerous and decisive. *Duke of Rutland v. Hudson*, 1 *Ld. Raym.* 686. 2 *Stra.* 777. *Wade's case*, 5 *Rep.* 115. 1 *Plowd.* 70. 3 *Shep. Abr.* 2. 3. 4. 5. 2 *Chitty's Pleading* 499.

The rule in pleading is this ;—the party must allege in his plea those facts which shew that he has done all in his power to perform his contract. If on the day and at the place ap-pointed, the debtor meet his creditor, at any hour of the day, he may tender the money or article which he promised ;—and if the creditor refuse it, he can do no more than keep the money ready, and bring it into Court when sued. If the cred-itor do not attend at the time and place appointed, the debtor must still do all in his power to perform the contract ; he must have the money or articles promised in readiness to be paid or delivered to the creditor ; and if he do not appear, the debtor must remain there *during the day*, in person or by agent, and to the uttermost convenient time of the day, that is, till after sun-

set, waiting for the creditor ; and having done this, he can do no more except retain the money for the purposes before mentioned.

Such is the distinction between the cases where the creditor appears, and where he does not appear, at the time and place appointed. And this distinction runs through all the cases on the subject. It is founded in plain common sense, and substantial justice, as the rules and principles of special pleading generally are.

In the plea under consideration, it is not stated that the articles promised were procured by the defendant, and kept ready at the time and places appointed, until the uttermost convenient time of the day of payment, and on this account the plea is defective. It may be that the defendant had the articles at the time and places at *sunrise*, and not *afterwards ;* and still the plea would be true ;—but the plaintiff had the *whole* day to receive the articles in, and of course the defendant ought to have been ready the whole day to deliver them.

It is said that a different opinion is given by the Court in the case of *Robbins v. Luce*, 4 *Mass.* 474. But upon examination it will be found that the two cases are not precisely similar. In that case. the demurrer to the plea in bar was general ;—here it is special. There the defendant averred that " *always* since giving the note, and particularly on the 20th day of *September* (the day appointed) he had, and still has the barrels ready at his house, to deliver," &c. This averment amounts to a declaration that he had the barrels *all the day* appointed. It is important to notice the observation of the Court. They say that if the defendant had gone on, and averred that the plaintiff was *not there to receive them*, the plea, if true, would be a good bar, and well pleaded. But they considered the want of that averment as a *matter of form*, and not being assigned as a cause of demurrer, they were inclined to sanction the plea as containing a *substantial fact*, viz : the possession of the barrels at the time and place appointed, and a readiness to deliver them ; and this fact being admitted, was allowed as a bar to the action.

On the whole, we are all satisfied that, for the reasons stated, the

*Plea in bar is insufficient.*