SMITH *against* LOOMIS:

#### IN ERROR.

Where there is a contract for the delivery of specific articles at a time and
place specified, the absence of the promisee at such time and place, does
not dispense with such acts on the part of the promisor, as are necessary to
vest the property in the promisee.

The mere fact that the promisor had the articles, at the time and place ap-
pointed, ready to be delivered, is not sufficient to vest the property in the
promisee.

To constitute a good defence to an action on such contract, the articles must
be set apart and designated, so as to enable the promisee to distinguish
them from others.

Therefore, where the defendant in an action on such contract, pleaded, that *Litchfield,* he had the articles, at the time and place appointed, ready to be delivered, but June, 1828. the plaintiff did not appear to receive them ; after verdict for the defendant on such plea, it was held, that the matt r pleaded constituted no defence ;— that the defendant should have designated the articles intended for the plaintiff and set them apart, so as to vest the property in him ; and that the defect was not cured by verdict.

Smith
*v.*
Loomis.

THIS was an action brought by *Smith* against *Loomis,* on a note or contract in writing, signed by the defendant, in and by which the defendant promised the plaintiff to pay or deliver to him, or bearer, for value received, 51 dollars worth of good merchantable brick, at five dollars per thousand, to be delivered at his the defendant's brick-yard in *Torrington,* by the 1st of *November,* 1824. The defendant pleaded, 1st, *non-assumpsit :* 2ndly, that on the 1st of *November,* 1824, at the time said note became due, the defendant had ready to be delivered to the plaintiff, at his the defendant's brick-yard in *Torrington,* fifty-one dollars worth of good merchantable brick, *viz.* 10,200 good merchantable brick, well worth five dollars *per* thousand ; which said brick the defendant had then and there ready to deliver to the plaintiff in full satisfaction of said promise ; and the plaintiff did not, at said time and place, or at any other time, appear to receive said brick, or any part thereof ; but the same ever since have been, and now do remain in said brick-yard, ready for the plaintiff, whenever he shall see fit to receive the same on said contract : 3rdly, a tender. Issues being joined on these pleas, the cause was tried in the county court, and the jury found a verdict for the plaintiff on the 1st and 3rd issues, and for the defendant on the 2nd issue. The plaintiff moved in arrest of judgment for the insufficiency of the 2nd plea. This motion the county court overruled, and rendered judgment for the defendant. On a writ of error in the superior court, that judgment was affirmed ; and the record is now transmitted to this court for revision.

*P. Miner* and *J. Miller,* for the plaintiff, contended, 1. That to constitute a sufficient excuse for the non-performance of a contract, the party claiming the benefit of such excuse, whether plaintiff or defendant, must shew, that he has done all that he could do towards performance. 1 *Chitt. Plead.* 318. *Bordenave* v. *Gregory,* 5 *East* 107. 3 *Stark. Ev.* 1397. *West* v. *Emmons,* 5 *Johns. Rep.* 179. *Lancashire* v. *Killing-*

Litchfield,
June, 1828.

Smith
v.
Loomis.

worth, 1 *Ld. Raym.* 696.    *Newton* v. *Galbraith*, 5 *Johns. Rep.* 119.    *Thomas* v. *Evans*, 10 *East* 101.    Generally, the party bound to perform, can either actually perform, or offer to perform.    The only cases excepted from this remark, are, where the party bound to perform cannot do the act, without the concurrence of the other party ; and in those cases, a readiness to do the act, is sufficient ; as to assist *J. S.* to build a house— or to secure by mortgage the purchase money of property to be conveyed, &c.    With regard to personal property, to be delivered at a time and place specified, there is no difficulty in delivering it absolutely.    The party needs no excuse for non-performance ; for he can actually perform ; and having done his own duty, the absence or negligence of the other party, will not affect him.    *Fowler* v. *Fowler*, 3 *Conn. Rep.* 348 353. 1 *Swift's Dig.* 294.    *Avery* & al. v. *Stewart* & al. 2 *Conn. Rep.* 69.    *Nichols* v. *Whiting*, 1 *Root* 443.    The effect of a delivery is to vest the title in the other party.    But a mere readiness to perform, does not produce this effect.    In this case the defendant's 10,200 bricks, in his brick-yard, were as truly his, after the 1st of *November*, 1824, as they were before.    The defendant, then, did less than he might have done.    He could and ought to have transferred the title.

2. That the defect was not cured by the verdict.    It appears by the verdict, 1st, that the defendant did assume and promise ; 2ndly, that he did not tender ; 3rdly, that he was ready to perform.    Now, all implication of tender, from one imperfectly stated, is cut off, by the express finding.    *Expressum facit cessare tacitum.*    But further, this is not a case of defective statement, but of the total omission of an independent necessary fact, which is never cured by verdict.    1 *Swift's Dig.* 777.    *Griffin* v. *Pratt* & al. 3 *Conn. Rep.* 513. 514.    1 *Day* 186, 7. n.

*J. W. Huntington* and *T. Smith*, for the defendant, contended, 1. That the averment that the defendant had the brick, at his yard, on the 1st of *November*, 1824, and was then and there ready to deliver the same to the plaintiff, in full satisfaction of the note, connected with the averment, that the plaintiff did not, at said time, appear to receive the brick, and that the same have ever since remained in said yard, ready for the plaintiff, whenever he shall see fit to receive the same on said contract, is sufficient, and would have been good on demurrer.    Original-

ly, payment was to be made in brick, and not in money. The enquiry then arises, how can the promisor legally discharge himself from the obligation into which he has entered? If the contract is unrescinded, only in three ways: 1st, by *actually delivering* the brick to the promisee, at the time and place appointed; 2ndly, by *tendering* it to the promisee, at the time and place appointed; 3rdly, by being ready, at the time and place, with the brick, to discharge the obligation, and the promisee being absent, and not in a situation in which it could either be delivered or tendered to him. Now, it is obvious, that the promisor was not bound to deliver or tender at any other time or place, than the one appointed. Indeed, a tender at any other time or place, would have been bad. What, then, is he to do, when the time arrives, to discharge the obligation, and save the payment of it in money? He is to go to the place appointed, and have the article there. This was done. If the promisee is there, he might offer or tender it to him. If he is not there, he cannot *deliver*. Can he tender? Clearly not; and for the same reason. An obligation to tender, *ex vi termini*, implies there is some one to receive. Now, what else can he do? Absolutely nothing. His readiness at the time and place appointed, is enough, if the promisee is not there. For, in the first place, he has done all he could do, to discharge the obligation, except to declare to the open air. *Lex non cogit ad vana seu impossibilia.* Secondly, if this does not discharge the obligation, then the promisee, by staying away, can convert a promise to pay a collateral article, into a promise to pay money. Thirdly, if this will not do, he must tender to the *person* of the promisee; which makes the contract different from what the parties made it. Fourthly, it was through the *default* of the promisee, that the article was not delivered; for he was bound to be there. *Robbins* v. *Luce*, 4 *Mass. Rep.* 474. 6 *Bac. Abr.* 459. (*Gwil.* ed.) *tit. Tender. G. West* v. *Emmons*, 5 *Johns. Rep.* 179. 1 *Chitt. Plead.* 310. 314. 2 *New Rep.* 240. c. n. (*Day's* ed.) *Hughes* v. *Phillips*, *Yelv.* 38. *Levy* v. Lord *Herbert*, 7 *Taun.* 314. *Wilt & Green* v. *Ogden*, 13 *Johns. Rep.* 56.

It is said, that the defendant must do an act, which will *vest* the property in the promisee. This is not necessary, if to cause it to vest, the promisee must be *present:* by his wilful default, he has prevented it. But it *did vest*, by having it ready

*Litchfield,*
June, 1828.

Smith
*v.*
Loomis.

at the time and place.   It has ever since been  subject to the plaintiff's controul.

2. That the averment that the defendant was ready to deliver the brick, at the time the note became due,  is equivalent to the usual allegation of a readiness *at the utmost convenient time of the day.   Com. Dig. tit.* Pleader. 2 W. 49.   *Porter* v. *Rose,* 12 *Johns. Rep.* 209.   2 *Conn. Rep.* 84. *per Gould,* J.

3.   That if there was  any defect in the  plea, it has been cured, by the verdict given for the defendant.   *Rushton* v. *Aspinall, Doug.* 679.   *Fuller* v. *Hampton,* 5 *Conn. Rep.* 416. *Rawson* & al. v. *Johnson,* 1 *East* 203. 209. 212.   *Spencer* v. *Overton,* 1 *Day* 183.   *Pangburn* v. *Ramsay,* 11 *Johns. Rep.* 141.   1 *Chitt. Plead.* 403. 119.

PETERS, J.   By the terms of this contract, the defendant was bound to pay or deliver to the plaintiff 10,200 brick, at a certain time and place.   But he neither delivered, offered, nor tendered them, though he claims to have done that which was equivalent.   He was on the spot, and had the brick ready to deliver, but did not deliver nor tender them, because the plaintiff was absent.   He certainly could have designated the brick intended for the plaintiff, and set them apart, and thus have paid the debt, by vesting the property in the plaintiff.   Until this was done, the note remained unpaid, and the defendant liable to be sued.   The presence of the creditor was not necessary to enable the debtor to fulfil his contract.   A tender might as well have been made in his absence as presence.   A tender would have been as effectual a bar as payment, and would as effectually have vested the property in the plaintiff. " If," says the late Chancellor *Kent,* " the debtor makes a tender of specific articles, at the proper time and place, according to contract, and the creditor does not come to receive them, or refuses to accept them, the better opinion is, that the debtor is thereby discharged.   And the analogies of the law would appear to lead to the conclusion, that on a tender of specific articles, the debtor is not only discharged from his contract, but the right of property in the articles tendered passes to the creditor."   2 *Com.* 400, 1.   " Besides," says *Chipman, (Essay on Contracts* 158.) " there are cases, where the tender is good and effectual, even to the discharge of the contract, when there never was any thing but a constructive refusal.   Such are all the cases of a tender of specific articles, at a time and place

certain, when the creditor, from any cause whatever, does not attend ; the tender at the time and place is as complete a discharge of the contract, as if the creditor were personally present, and actually refused. The discharge of the debtor, in this, as in all other cases, goes on the broad ground that he has done all incumbent on him to fulfil his contract." 6 *Bac. Abr.* 459. Has the defendant, in the case before us, done all incumbent on him to fulfil his contract ? It does not appear, that he set apart the brick intended for the plaintiff, nor did any act to invest him with the property. In *McConnel* v. *Hall,* in an action on note for a wagon worth 60 dollars, payable at the defendant's store, at a day certain, the defendant pleaded, that he was ready at the time and place to deliver such a wagon to the plaintiff, but he did not attend to receive it. It was decided, that if the property is delivered according to the contract, or tendered, the contract is discharged, and the property belongs to the creditor. " The promisor," say the Court, " must perform his contract, as far as is practicable. Proving that he was able to perform, would be no evidence of his intention to fulfil. Proving that he had made preparations to fulfil, previous to the day, is no evidence of such intention to fulfil on the day. The promisor, after a fulfilment of his contract, is not bound to keep the property always ready, as in case of a tender of money. He must, therefore, make such designation of the article, on the day and at the place of payment, as will transfer the property to the promisee, and enable him to pursue the property itself. The charge of the judge upon the evidence, was incorrect, in this, that if the jury found from the evidence, that the defendant had the property, *i. e* the wagon, ready, on the day and at the place mentioned in the note for the delivery thereof, and of the description specified, it would amount to the fulfilment of the contract on his part." *Brayton's Rep.* 223. A similar opinion, upon a similar statement of facts, was expressed by the supreme court of *New-York*, in *Newton* v. *Galbraith,* 5 *Johns. Rep.* 119. and in *Barnes* v. *Graham,* 4 *Cowen* 452.

Though we find much confusion and contradiction in the books on this subject—(vide *Chipman, passim.*) our own practice seems to have been uniform, for nearly sixty years, and establishes these propositions. 1. That a debt payable in specific articles, may be discharged, by a tender of these articles, at the proper time and and place. 2. That the articles must

*Litchfield,* June, 1828.

Smith *v.* Loomis.

*Litchfield,*
*June, 1828.*

Smith
*v.*
Loomis.

be set apart and designated so as to enable the creditor to distinguish them from others.   3. That the property so tendered vests in the creditor, and is at his risk.   4. That a tender may be made in the absence of the creditor.   In *Rix* v. *Strong*, 1 *Root* 55. *Bacon* owed *Rix* 24 *l.* 10 *s.* payable in horses, at a certain time and place.   *Bacon* tendered the horses ;   *Rix* refused them, and sued *Bacon*, who pleaded the tender, and prevailed.   *Rix* sued *Strong* in trover for the horses, and recovered.   The court said, as the tender was legal, the property in the horses vested in the plaintiff.   In *Nichols* & al v. *Whiting*, in error, 1 *Root* 443. in an action on note payable in shop-work, at the defendants' (*Nichols'*) shop, they pleaded, that at the time and place the note became payable, they tendered shop-work, such as chairs, bedsteads, &c. sufficient to pay said debt.   The court decided the plea insufficient, because it did not particularize the shop-work, whereby they could be distinguished ; otherwise, the plaintiff would be barred of his action by the tender, and not be able to recover the articles tendered.   In *Gallup* v. *Coit*, at *Norwich, March*, 1808, in an action on note for 20*l.* in rum, the defendants tendered 48 gallons in a hogshead containing 70 gallons.   The court said, the rum must be set apart, and designated, so that he whose property it becomes, by the tender, may bring trover for it. The tenderer ought to be exact as to quantity, and not tender 100 gallons for 48 ; nor one hogshead among 100, by saying here is *one*, take what is your due.   *Mss.* of *Mitchell*, late Ch. Justice.   And such has been the course of decisions. The judgment below was governed by the decision of Chief Justice *Parsons*, in *Robbins* v. *Luce*, 4 *Mass. Rep.* 474 ; but it is certainly erroneous.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

Judgment reversed.