# CASES

# SUPREME JUDICIAL COURT,

FOR THE

COUNTY OF PENOBSCOT, JUNE TERM, 1834.

---

## WYMAN *vs.* WINSLOW.

In an action on a promissory note, payable in lumber at a certain time and place, the defendant shew that he had at said time and place, a much greater quantity of lumber than was necessary to pay said note, in the hands of agents who were instructed, and were ready and willing to survey off and deliver to the holder of the note, enough for its payment *on presentment;* — it was held, that these facts did not constitute a valid defence; — there should have been a particular designation, and setting out of the lumber, so that the property therein could vest in the creditor.

In such action, *parol* evidence is admissible, to show an agreement of the parties as to the place, where the articles were to be delivered.

THIS was *assumpsit* on the following promissory note, *viz:* " *Sunkhaze, Dec.* 17, 1831. Value received I promise to pay *James W. Wyman,* or order, the sum of seventy dollars, to be paid in lumber, delivered at *Bangor* in the month of *June* next." —

The writ also contained a count for money had and received. Plea, the general issue, accompanied by a brief statement.

It was proved, that at the time the note was given, and afterward, it was agreed by the parties that the note should be paid at *Lambert & Fisher's,* in *Bangor,* though *parol* evidence introduced for this purpose, was objected to by plaintiff's counsel. It further appeared that the defendant had in the hands of *Lambert & Fisher* in *Bangor,* during said month of *June,* a quantity of lumber much more than sufficient to pay said note, from which

they were ready and willing, at any time during said month, to have surveyed off and delivered to the plaintiff, enough to pay the note, if he had requested them so to do—but the note was not presented during said month at *Lambert & Fisher's*, or at any other place. It appears further that much of the plaintiff's lumber was sold in *July* and *August* following, but that enough for the payment of the note remained till *November* following, which, during all that time, *Lambert & Fisher* were ready and willing by the defendant's orders, to survey off and deliver to the plaintiff. But it did not appear, that any part of said lumber had been *separated* or *set apart* to pay the note. Payment of the note in money was demanded in *August*, and a liberal discount proposed, but the defendant declined paying it in money.

*Weston J.* instructed the jury, for the purposes of that trial, that if it was agreed between the parties, at the time the note was executed, that the place of payment should be at *Lambert & Fisher's* in *Bangor*, and that the defendant had at said place sufficient lumber during the month of *June* to pay said note, which his agent would have surveyed off and delivered if demanded, he had done all that he was by law required to do by the terms of the contract.

The jury having returned a verdict for the defendant, the plaintiff's counsel excepted to the ruling and directions aforesaid, and brought the case to this Court.

*Kent*, for the plaintiff, contended that there should have been a specific designation of a portion of the lumber by the defendant, and cited *Aldrich* v. *Albee*, 1 *Greenl.* 120 ; *Bixby* v. *Whitney*, 5 *Greenl.* 192 ; *Veazie* v. *Harmony*, 7 *Greenl.* 91 ; 5 *Taunt.* 575 ; 1 *Taunt.* 318 ; 7 *Johns.* 473 ; 5 *Johns.* 119 ; 8 *Johns.* 474 ; 4 *Cowen*, 452 ; 7 *Con. R.* 110 ; *Brayton R.* 223 ; 2 *Kent's Com.* 509.

*Moody*, for the defendant.

We hold that the law upon the point raised has never been distinctly settled. In this State the case approaching nearest to it, is *Veazie* v. *Harmony*, cited for the plaintiff. But that differed materially from this in several particulars. In that case, there was a *plea of tender*. In such cases it is admitted there must be proof of an *actual offer* — but it is otherwise where the plea or

defence is a mere *readiness* to pay. This distinction is fully supported in *Chipman on Cont.* 118. See also 3 *Stark.* 1390. In *Veazie* v. *Harmony*, the note was also payable in corn, wheat or rye — but it did not appear, that the promissor had all three at his granary. In these particulars it differs from the case at bar, and is therefore no authority.

It was not necessary for the defendant to set out and designate the property, in a plea of readiness merely. *Carley* v. *Vance,* 17 *Mass.* 389.

The plaintiff was bound to present his note for payment — there was something to be done on both sides. That, *readiness* would be a good plea, he cited, 6 *Bac. Abr.* 459 ; 1 *Chit. Pl.* 317 ; *Robbins* v. *Luce,* 4 *Mass.* 474 ; 2 *Kent's Com.* 400.

It is no objection to this defence that there was *more than enough* of lumber to pay the note at the time and place agreed on. 3 *Stark.* 1392.

MELLEN C. J. at the ensuing *June* term in this county, delivered the opinion of the Court.

The principal question in this cause is, whether the facts relied on by the defendant operated as a tender and are a bar to the action. We would observe in the first place, that we see no error in the ruling of the Judge as to the admission of parol evidence to shew the place of delivery of the lumber, as none is expressed in the note. Both parties are interested in the designation of a place, and there is the same reason for proving it by parol in case of an agreement of the parties, as when it is appointed by the promissee. Indeed, the objection seems to have been waived. On this point we only refer to the case of *Bixby* v. *Whitney*, cited in the argument. The main question before stated, is of much more importance, and requires more attention to principles and authorities, not only for the purpose of a correct determination of this cause, but to settle the law upon the subject, and thus produce uniformity of decision and practice in our courts. The defence is placed on two facts : 1. That at the time the note became due, the defendant had at the place agreed upon, a large quantity of lumber, and that before and after the note was given, he informed the plaintiff that such would be the

fact. The plaintiff did not attend at the time and place agreed on for payment. The general principle is, that he who would avail himself of the benefit of a tender, must do all in his power, and he will then be excused. *Lancanshire* v. *Killingworth*, 1 *Lord Raym.* 687. *Chipman on Specific Contracts*, 211. It is contended by the counsel for the plaintiff that, as he did not attend on the day the note became due, it was his duty to do all in his power towards paying it ; that is, that he should have caused a sufficient quantity of the lumber, then at the place, to be set apart and surveyed to and for the use of the plaintiff, and so separated from the residue of the lumber and distinguished, as that it might be taken by the plaintiff, without any danger of mistake ; or, in other words, he should have done all those acts which would have *vested* in the plaintiff the *property* of the portion so set apart and appropriated. It is not denied, that there is an essential difference between a tender of *money* and of *cumbersome specific articles of property*. In *Carley* v. *Vance*, 17 *Mass.* 389, it was decided, that where a note *for money* was made payable at the counting room of E. L., the placing of funds in his hands for the purpose of paying the note, with authority given to E. L. by the promissor to pay the note when due, from those funds ; and the readiness of E. L. to make payment if the promissee had attended to receive payment, if well pleaded, constituted a good tender, such readiness to pay, continuing. And in the case of *Robbins in error* v. *Luce*, 4 *Mass.* 474, the defendant, by his note, promised to deliver at his house 27 *ash barrels*, on the 20th of *September*, 1804. The defendant pleaded that he was ready at his house at the time the note became due to deliver the barrels ; and though there was no averment that the plaintiff was not there, the plea was adjudged good. In this case it does not appear that any particular barrels had been set apart for the plaintiff and separated from others ; nor is any such requisite alluded to. Nor is it mentioned as requisite in the above cited case of *Lancanshire* v. *Killingworth*. In the case of *McConnell* v. *Hall, Bray. R.* 223, the Court say, when speaking of the tender of the wagon which the defendant promised to deliver to the plaintiff, " proving that he was *able* to perform, would be no evidence of his *intention* to fulfill on that day, he

must make such designation of the article on the day and at the place of payment as will *transfer the property to the promissee,* and enable him to *pursue the property itself."* The case of *Newton* v. *Galbraith,* 5 *Johns.* 119, is similar in principle. *Galbraith* sued *Newton* on notes payable in *produce,* at *Newton's* house. On trial the defendant proved, that on the day the note became due, he had *hay* in his barn and was then *ready* to pay in hay ; but no particular quantity was proved. The Court said, the tender proved was insufficient, but they relied upon the uncertainty as to *quantity.* The case of *Barnes* v. *Graham,* 4 *Cowen,* 452, is more direct and explicit. Defendant gave his note for $127, payable in lumber. The defendant offered to prove, that when the note became due, he had at his mill in *Italy,* where both parties lived, a sufficient quantity of lumber of the quality described, in bulk, and not sorted or separated from other lumber at the mill. The decision was against the defendant on two grounds. 1. Because, no place of delivery being expressed in the note, it was the duty of the defendant to seek the plaintiff and request him to appoint some proper place for the delivery of the lumber. 2. And because he never *separated* the property he intended to tender in payment of the note. *Savage C. J.* says, "suppose a fire had happened and consumed all the lumber at the mill the night after the tender, must the payee have lost it to the extent of his demand ; how could he know what part to preserve, had he been at the fire ?" In *Smith* v. *Loomis,* 7 *Con. R.* 110, a similar decision was had. The original action was founded on a note given by *Loomis,* by which he promised the plaintiff to pay and deliver to him, fifty-one dollars worth of good merchantable bricks at five dollars per thousand. The defendant pleaded, that he had *ready to be delivered* at his brick-yard, (which was the place of delivery,) fifty-one dollars worth of good merchantable bricks in payment of the note, but that the plaintiff did not appear to receive them. *Peters J.* in delivering the opinion of the Court says, "He" (the defendant) "could have designated the bricks intended for the plaintiff and set them apart and thus have paid the debt, *by vesting the property in the plaintiff;* until this was done, the note remained unpaid and the defendant liable to be sued. The presence of the creditor was not

necessary to enable the debtor to fulfil his contract." The Court reversed the judgment of the Court below which, as *Mr. Justice Peters* observes, was governed by the decision in the case of *Robbins* v. *Luce*, before mentioned. It appears also that the case of *Rice* v. *Strong*, 1 *Root*, 55 ; *Nichols & al.* v. *Whiting*, 1 *Root*, 443, and *Gallup* v. *Coit*, decided at *Norwich*, in 1808, were all decided upon the same principle. In this last case the promise was to pay £20 in rum. The defendant tendered 48 gallons in a hogshead containing 70 gallons. The Court said, the rum must be set apart and designated so that he whose property it becomes by the tender, may bring trover for it. It appearing to be a settled principle of law, that the effect of a legal tender and refusal of specific articles, or of those facts, in the absence of the creditor, which amount to a tender, is to discharge and satisfy the debt by vesting the property tendered in the creditor, the reason of the thing requires that there should be such a separation or designation of the property as that the creditor may *know* his property and *distinguish* it, and be able to assert successfully his right of property against any one who may invade it. 2 *Kent's Com.* 400.

The foregoing examination of the leading authorities respecting the question submitted, has led us to the conclusion, that the defendant did not make a legal tender of the lumber which he promised to deliver ; that he designated no property in particular which could vest in the plaintiff; and that notwithstanding every thing which he did, and which has been relied on as a tender, it is evident that the plaintiff could not have taken and appropriated any portion of the lumber at the place agreed upon, without being chargeable as a trespasser. This decision renders it useless to examine the objection to the instruction of the Court in relation to the right of recovery on the money count. According to the agreement of the parties, the verdict must be set aside, the defendant must be called and have judgment against him on the default.