CAMPBELL (SCRIPPS v.). See Case No. 12,562.

## Case No. 2,367a.

### CAMPBELL v. STRONG.

[Hempst. 265.][1]

Superior Court, D. Arkansas. Jan., 1835.

APPEAL—DISCRETION OF TRIAL COURT—APPOINTMENT OF ELISOR—DEMAND OF OYER—REVIEW.

1. Questions as to the trial or continuance of a cause rest so much in the sound discretion of the inferior court, that this court will not interpose unless in a flagrant case.

2. The appointment of an elisor to summon a jury, will be presumed to be correct, and to have been done for reasons satisfactory to the court.

3. Where profert is not made, oyer cannot be demanded.

4. A judgment of allowance of a competent court, cannot be inquired into, reinvestigated, or impeached in a collateral proceeding, and can only be reinvestigated in the manner pointed out by law.

5. If fraudulent, a party is not without redress.

6. A party can take no exception to a verdict in the appellate court where none was made below.

7. The breach of the conditions of a penal bond, constitutes, in fact, the basis of the plaintiff's action, and it should be assigned with certainty and particularity, so as to show the injury.

8. Except in a few particular cases, the rule is universal that no execution can be received in evidence, without the judgment on which it was issued.

Error to Phillips circuit court.
Before LACY and CROSS, Judges.

LACY, Judge. This is a writ of error, prosecuted by the defendants below to a

---

[1] [Reported by Samuel H. Hempstead, Esq.]

judgment of the Phillips circuit court. The suit is in the name of the governor, for the use of William Strong, against Nisa Campbell and Samuel Campbell, as principals, on an administration bond, and William Dunn and Ichabod Dunn, as their sureties. The pleadings present no little perplexity, but the court will, however, without noticing the extraneous matter with which the record is incumbered, proceed to the examination of all the questions they deem important to the decision of the cause.

The breaches are properly assigned, for the declaration avers that neither Nisa Campbell, before her intermarriage, nor Samuel Campbell, since that time, nor William Dunn, nor Ichabod Dunn, nor either of them, have paid or discharged the bond. Nisa Campbell had no right to pay, but by the consent and as agent of her husband after her intermarriage, and hence it was not necessary to aver, as it is not contended that she did pay after that time. The demurrer to the declaration was properly overruled.

The suit ought not to have abated upon the suggestion of the death of James Miller, who was then acting governor of the territory, for he was only a nominal party upon the record, and his name might have been stricken out without injury, and that of the governor alone retained, who, in legal contemplation, is always in being. If the party was even improperly ruled to trial at the same term at which the suit was revived in the name of his successor, it could only have operated as a continuance, and questions of that character are always left to the sound discretion of the court that tries the cause, and it must be a very flagrant case of injustice that this court would interpose to correct.

The appointment of an elisor to summon a jury stands upon the same principle, and will be presumed to be correct, either by agreement of the parties concerned, or for reasons satisfactorily appearing to the court below.

Oyer was rightfully refused as profert was not made.

The testimony offered by the defendants to show that the judgment of allowance was wrongfully or fraudulently obtained, was properly rejected. If there was a judgment of allowance entered up by a competent court, that matter cannot again be inquired into or be reinvestigated in the way that the defendants proposed to do. The proper time was when that subject was under adjudication, and if the court which made the allowance would not permit the parties to appear, or refused to have competent proof to defeat the claim set up by the plaintiff, an exception ought then to have been filed, and this court could have corrected the error. Besides, if it was a fraudulent judgment, the party injured is not without adequate redress. Wherever a judgment in a court having cognizance or jurisdiction of a

matter, is rendered against parties or privies, the matter is at an end, unless again re-examined in the manner pointed out by law. If the court is right in this position, it follows necessarily that the demurrer to the defendants' rejoinder was properly sustained. The verdict of the jury is considered substantially correct; and even if it was not, as no exception was taken to it in the court below, it is now too late for the party to avail himself of such an advantage.

The only remaining questions for the court to determine, are the demurrer to the plaintiff's replication, and the objection to the execution that was received as evidence in the cause. These points present something more of difficulty than those that have been disposed of, and are much more important in their bearing upon this cause.

The declaration is upon the penalty of the bond, without setting forth the conditions. A plea of general performance is a response to the issue, and the plaintiff then rejoins and avers the special breach upon which he has a right to recover. This breach constitutes in reality the basis of his action, and the bond is the means alone by which that injury can be redressed. The replication should have been as certain and as particular as the declaration, and as if the suit was for the breach. It should have averred that the defendants were indebted by reason of a judgment of allowance in a given court and at a certain term, and in an exact sum or amount, which judgment remained unpaid, and in full force and effect. Does the replication contain such matter? For aught that appears from the record, the judgment may have been paid off and fully discharged, or have been reversed, or a new trial granted, or the parties by our statutes may have been only entitled, on the final settlement of the estate, to a certain portion of allowance, which may have been received. Had issue been taken on it, the only question that could have been submitted to the jury, would have been, was there such a judgment? and the defendants would have been precluded from proving they had discharged it, or complied with all the conditions of their bond. The replication nowhere states that the judgment is now in full force and unreversed, nor that the defendants have failed to settle, as they were bound to do, or pay off the debts according to their dignity or grade. Besides, it should have concluded with a verification, for the assignment of a particular breach surely contains new matter. 1 Chit. Pl. 325, 330; 2 Starkie, 54, 92; Bac. Abr. tit. "Pleas and Pleadings," J, C, D; Robins v. Reese [Robbins v. Luce, 4 Mass. 474]; 1 Saund. Pl. & Ev. 59; 9 Johns. 335; 2 Tidd. Pr. 826.

The objection that was taken as to excluding from the jury the reading of the execution, is not answered by saying that it was previously given in as testimony, and that, after it was once admitted, it could not be rejected. The defendants' counsel had no

right to object to the reading of the execution. Their right to have it excluded, only attached upon the plaintiff not producing a judgment on which it was founded. Besides, the motion to exclude is in the nature of a demurrer to evidence, which never can be made until the proof is heard. This court cannot presume there was a judgment when the record shows none was produced, nor does it alter the case, that both judgments were rendered in the same court. There might have been a fatal variance between the judgment and execution. The judgment might have been absolutely void on its face, or it might have been a forgery. That no execution can be received as evidence without a judgment, (except in a few particular cases,) is a rule of law so universal and important, that it requires neither authority nor argument to sustain it. It follows that the court on this point, as well as overruling the demurrer of the defendants to the plaintiff's replication, erred, and the judgment must therefore be reversed, and the case remanded for a new trial, with leave to the parties to amend their pleadings. Judgment reversed.