Green, J.
delivered the opinion of the court.
The principal question insisted upon is as to the competency of the testimony of Solomon Enty, which was objected to by the defendant, but admitted by the court. *119 The witness proved, that he was acquainted with saw mills, and their construction; and that he was acquainted with the mill mentioned in the above contract, in 1831, buthad'not known any thing of her since; and that, in his opinion, she would then saw from four to five hundred feet per day. This ■ testimony, the court think, was properly admitted, upon two grounds: First; the witness is acquainted with saw mills, and knows what can be done by them; his opinion, therefore, as to what a mill could saw, as a person skilled on such subjects, was proper evidence. 1 Starkie 74; 3 Starkie 1736. But, on the other ground, his testimony was admissable. The question was, as to the capacity of the mill to have sawed the lumber, agreed to be paid by this contract, before the suit was brought. Although the witness did not have personal knowledge of the mill at the time the contract was made, and, therefore, could not speak positively of her capacity at that 'time; yet, as he had knowledge of her a few years before, it might be fairly inferred from what she could then do,, that the same amount of work could have been performed by her after the contract was made, unless the defendant should be able to show that her condition was different. But it is said, this was not the best evidence, it is true, it was not so conclusive of the fact, as other evidence that might have been produced; but the objection attempted to be set up, does not apply. The evidence of this witness, is of as high grade as the positive swear-' ing of a witness as to what the mill could do, though it is not so conclusive of the fact;
It was not necessary to have shown, that the plaintiff attended to receive the lumber. If' the defendant had shown, that it was sawed and ready at the mill, where it was to have been delivered, that would have been sufficient to bar the plaintiff’s action. Robbins vs. Luce, 4 Mass. Rep. 474.
We cannot say, there was not sufficient evidence, that the lumber could have been sawed and delivered before *120 tile commencement of this suit. Although the testimony upon this point is not very conclusive, yet it is of such character, that we cannot say the jury found a -verdict against the evidence. Let the judgment be affirmed.
Judgment affirmed.