## Tompkins Coffin *vs.* Ira B. Reynolds.

### April 20, 1875.

Chattel Mortgage—Lien Discharged only by Payment or Tender.—The plaintiff made to defendant a mortgage upon a horse, to secure a note payable at a fixed time and place, in wood at a fixed price. Plaintiff delivered wood, the parties keeping no accurate measurement as it was delivered, until defendant told plaintiff that a rough estimate had been made, and, unless there was a

mistake, he had delivered enough. After the mortgage became due, defendant ascertained that enough had not been delivered, and so notified plaintiff, who then offered to place the remainder on the ground. This defendant refused, but offered to take the balance in railroad ties, money or work, which defendant agreed to, but never paid. *Held,* That the information defendant first gave plaintiff excused him from strict compliance with the contract; but that it was then the duty of plaintiff to deliver the remainder of the wood within a reasonable time after notice that enough was not delivered. His offer to place the wood on the ground did not discharge the lien of the mortgage, nor did his agreement to pay the balance of the note in ties, money or work, not being performed, discharge it.

Appeal by defendant from a judgment of the district court for Blue Earth county, entered on the report of a referee.

*D. Buck* and *Severance & Dickinson,* for appellant.

*F. G. Brown,* for respondent.

GILFILLAN, C. J. The plaintiff made to defendant a chattel mortgage upon a horse, to secure his note payable in wood, at a designated price per cord, and at a fixed time and place. The plaintiff commenced to deliver the wood at the place indicated, and continued delivering, the parties not making any accurate measurement of the wood as delivered, until defendant informed him that a rough estimate had been made, and, unless there was a mistake, he had delivered enough, but that he might go and even out the piles, and square the ends, and if there was more than was required, he would pay him for the overplus. After the mortgage became due, defendant ascertained that enough wood had not been delivered, and went to the plaintiff and notified him of the fact, who thereupon offered to put the balance of the wood on the ground at once. Defendant refused to receive it, but offered to take the balance in railroad ties, money or work, and plaintiff agreed to pay the same in one of the ways mentioned, but never did. Several months after the mortgage became due, the defendant took possession of the horse under the mortgage, whereupon plaintiff brought this action for a conversion.

The information first given by defendant to plaintiff, that, unless there was a mistake, he had delivered enough of the

wood, excused strict compliance with the contract, but it was his duty to deliver the balance within a reasonable time after defendant informed him that enough had not been delivered. He could not discharge the lien of the mortgage, except by delivery of the wood or by a legal tender of it, or if defendant was willing to accept anything else in lieu of it, by delivering or paying that. He could make a legal tender of it only at the place designated, and so that, upon the tender, the title to the wood should vest in the defendant, which plaintiff did not do. *Smith* v. *Loomis*, 7 Conn. 110 ; *McConnell* v. *Hall*, Brayton, 223 ; *Barns* v. *Graham*, 4 Cowen, 452.

The lien of the mortgage still continuing, defendant had a right to take the horse under it.

The judgment below must be reversed.