## ALFRED HARDING v. TEXOLEUM COMPANY.[1]

December 22, 1922.

No. 23,027.

**Parol evidence admissible when it appears that writing contains only part of contract.**

Where it is apparent upon the face of a written instrument that it contains but a part of the agreement entered into by the parties, parol evidence may be received to show the entire contract.

Action in the district court for Hennepin county to recover $510.47 for services in the sale of merchandise. The case was tried before Hale, J., who when plaintiff rested denied defendant's motion for dismissal and its motion for a directed verdict, and at the close of the testimony directed a verdict in favor of plaintiff for $385.69. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Henderson, Wunderlich, Brandebury & Stiles* and *R. M. Works,* for appellant.

*A. S. Dowdall, Jr.,* for respondent.

QUINN, J.

Plaintiff was engaged at Minneapolis, as a sales agent for manufactured articles upon commission within the state of Minnesota.

[1]Reported in 191 N. W. 394.

The defendant was engaged in the manufacture and sale of rugs and mats, with its factory and offices in New York. In November, 1919, the parties entered into a written agreement, whereby plaintiff was to act as the sales agent for defendant in the state of Minnesota, upon a commission basis. This action was brought to recover for services under that agreement. At the close of the plaintiff's testimony defendant rested without offering any testimony, and the court directed a verdict in favor of plaintiff for $385.69. From an order denying its alternative motion for judgment or a new trial, defendant appeals.

By the terms of the written contract, plaintiff was to take orders throughout the state for the sale of defendant's goods, and make daily reports thereof to defendant's office in New York. In consideration thereof defendant was to render him monthly statements of all sales and shipments into Minnesota, and pay him a commission of 2 per cent thereon, the commission to become payable as the goods were shipped. The written contract was silent as to when shipments were to be made.

Under this arrangement, the plaintiff claims to have taken orders and forwarded them to the defendant, so that his commission thereon amounted to the sum of $1,160.56, and that no part thereof has been paid except $774.87, leaving a balance his due of $385.69, for which he asks judgment. The defendant rendered two monthly statements and paid the commission thereon pursuant to the agreement, but thereafter failed to make any further shipments, or to pay the commission upon the orders which plaintiff sent in, although requested so to do. The plaintiff continued to take orders and send them to the home office until October, 1920.

The claim of the defendant is that the plaintiff was not entitled to a commission upon orders sent in until the goods were shipped thereon, and that the record fails to show by competent proof that any goods were ever shipped upon any of the orders sent in, other than those covered by the two monthly statements referred to, and that as to those the commission has been paid. As bearing upon this phase of the controversy, plaintiff was permitted, under objection, to offer oral proof that, prior to the execution of the written

contract, it was talked over and agreed by and between the parties thereto that the defendant would be prepared to and would make shipments when orders arrived, and that, if for any reason shipment could not be so made, the defendant would at once notify the plaintiff. The record shows that no such notice was ever given plaintiff. The oral testimony was properly received. The written agreement was silent as to the time of shipment of the goods. The oral promise to ship immediately upon receipt of the orders, or to notify plaintiff, was a necessary and vital part of the contract, upon which the writing was silent. Plaintiff had a right to know that the orders taken would be filled, or, if there was any valid reason why they would not, then he was entitled to know the reason. The time of the payment of his commission depended upon the time of shipment. Without the time of shipment being fixed, the consummation of the contract could be easily defeated by the mere caprice of defendant.

When a writing upon its face imports to be a complete expression of the whole agreement; and contains all that is necessary to constitute a contract, parol evidence is not admissible to add another term to the agreement. But where it is apparent, as in the case at bar, that an instrument contains but a part of the agreement of the parties, parol evidence may be received to show the entire contract. Aultman, Miller & Co. v. Clifford, 55 Minn. 159, 56 N. W. 593, 596, 43 Am. St. 478; Jamestown Business College Assn. v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. 740. The parol testimony offered in the instant case in no way conflicts with the writing, nor is it inconsistent with the intention of the parties as shown by the instrument.

Again, where the place of delivery of goods, or the mode of payment, does not appear in the writing, the omission may be supplied by parol. Wyman v. Winslow, 11 Me. 398, 26 Am. Dec. 542; Sheldon v. Conn. Mut. Life Ins. Co. 25 Conn. 207, 65 Am. Dec. 565; Gould v. Boston Excelsior Co. 91 Me. 214, 39 Atl. 554, 64 Am. St. 221.

Affirmed.