JOHNSON
v.
BAIRD.

Johnson and Another, Assignees, v. Baird.

Action on a promise to pay a certain sum in hats, at a certain time and place. *Held*, that it is a good defence to such an action, that the defendant had, at the time and place, the hats ready to deliver conformably to the contract, but that no person attended to receive them; and that he had been always ready, and was still ready, to deliver them at the place on demand.

*Monday, May 27.* ERROR to the *Washington* Circuit Court. The judgment of the Circuit Court, in this case, was affirmed at the last term. See the opinion, ante, p. 153. The defendant in error then filed a petition for a re-hearing, and the cause was continued. *The Court*, at the present term, overruled the petition.

STEVENS, J.—I concur in the opinion of the Court; and if it were a case of only ordinary importance, I should let it pass in silence; but as principles of deep interest to the community at large are involved, a few additional remarks may not, perhaps, be improper.

The action in the Court below is founded on a promissory note in these words:—"One day after date, for value received, I promise to pay to *Jno. H. Farnham*, Esq. fourteen dollars, in fine hats, at my house in *Salem*. *March* 3d, 1830.—*William Baird*." The suit was brought before a justice of the peace, and the defence set up was this:—That he the said *Baird* had, at the time and place when and where the note became due and payable, 14 dollars' worth of fine hats, ready to pay and deliver to said *Farnham* in discharge of the note, agreeably to the tenor and effect thereof, but that no person attended to receive them, and that he the said *Baird* had ever since kept the said hats ready at the place aforesaid, and that he still had them there ready to pay and deliver to said *Farnham*, if he would attend and receive them, &c. To this defence the defendant objected, as being insufficient in law; but the defence was admitted. The case was afterwards carried to the Circuit Court by appeal, and that Court admitted the same defence, and final judgment was rendered in favour of the defendant. The proceedings were then brought into this Court by a writ of error, and the judgment of the Circuit Court is affirmed.

Several errors were assigned, and various exceptions taken, in this Court, to the proceedings and judgment of the Court below; but my observations are applicable only to the legality and legal effect of the defence set up to the action, that being the only point in the case of any weight or importance.

Contracts for the delivery of specific articles are now, and for more than a century have been, of daily occurrence in both America and Europe; yet, strange as it may be, the rights and duties of parties to such contracts, in some particulars, seem as yet to remain unsettled. Indeed, the most experienced professional men sometimes meet with difficulties in ascertaining the rights and duties of parties, and in forming pleadings adapted to some of the cases that arise. Neither Chitty nor any other writer with whose writings I am acquainted, has even given an intelligible sketch of the different pleadings adapted to actions founded on contracts for the delivery of specific articles: it seems that very little attention has been given to the subject. Chitty has omitted even the form of a plea of tender, and contented himself by saying that a tender must be pleaded specially, and cannot be given in evidence under the general issue. He gives the form of a plea of tender of money, but says nothing about specific articles. The pleadings, however, of a defendant in such cases, must be governed by the same general rules that other pleadings are; and it is said by Chitty and several other eminent law writers, that a plea by a defendant of tender or readiness to perform, to an action on a contract for the delivery of specific articles, is analagous to the declaration of a plaintiff on contracts for the payment of specific articles, and on contracts founded on executory considerations; and that the same averments which are required to make a good declaration in one case, will, if properly applied, make a good plea for the defendant in the other case. If this position is correct, and I incline to think it must be, it can generally be ascertained what is necessary for a defendant, in an action on a contract for the delivery of specific articles, to state in his plea in discharge of his contract.

It is well settled that, in actions founded on executory considerations, that is, where the consideration of the defendant's promise is something which is stipulated to be done by the plaintiff, or in the case of reciprocal covenants, constituting mutual conditions to be performed at the same time, it is

sufficient generally, for the plaintiff to aver a readiness to perform, and that the defendant neglected to attend or to perform his part. As in an action for not delivering goods purchased of the defendant by the plaintiff, an averment that the plaintiff was ready at the time and place to pay the price, is sufficient. Again, it is said by Chitty that it is sufficient for the plaintiff, in alleging an excuse for not performing, to state his readiness to perform the act, but that a performance was rendered unnecessary by the absence of the defendant, or by his failure to perform his part. By applying this rule to the plea of a defendant, it is plainly discovered why several eminent law writers state that, in all cases where a tender and refusal would be a discharge of the contract, a readiness to perform at the time and place is also a discharge.

There is, however, a difference in principle as well as in fact, between a plea of tender and a plea of readiness to perform. When the defendant wishes to discharge himself by a tender, he must show by certain and direct averments, that he had the articles ready at the time and place, and that he tendered them, &c. in performance of his contract, but that the plaintiff refused to receive them. In this plea the default is thrown upon the plaintiff, by showing that he refused to receive the articles. But when a defendant relies upon the plea of readiness only, he must not only show that he was ready at the time and place, with the articles to pay and deliver to the plaintiff, according to the tenor and effect of his contract, but he must also show that the plaintiff rendered a tender, or any further act on his part, unnecessary, by averring that the plaintiff was absent and did not attend to receive the articles. In this plea the default is thrown on the plaintiff, by showing that he neglected to attend at the proper time and place to receive the articles, and thereby defeated the tender and delivery of the articles agreeably to the contract.

In Bacon's Abridgment, it is said that every consequence which follows a tender and refusal, will follow from being ready to tender, in case the party whose duty it is to be present, neglects to be present; and that if every such consequence did not follow, it would frequently happen, that notwithstanding one party might do all that would be really necessary in justice and honesty to do, yet all would be defeated by the wilful absence of the other party. Chipman, in his treatise on the

subject, lays it down as good law, standing uncontradicted, that if a note of hand be given for the payment of specific asticles at a certain time and place, and the maker of the note is ready at the time and place with the articles, to make the payment, and the creditor fails to attend to receive them, it will be a good plea to an action on the note. In the case of *Robbins* v. *Luce*, 4 Mass. R. 474, it is decided that to an action on a written promise to deliver specific articles at a given day and place, it is a good plea in bar that the defendant was ready at the day and place, to deliver the articles to the plaintiff, but he was not there to receive them. The learned Chief Justice, in delivering the opinion of the Court, among other things said, that the defendant had done all he was bound to do, and that it was owing to the plaintiff's own laches that the contract was not *performed*.

In the case of *Conn* v. *Gano*, 1 Ohio R. 483, the Court says, that where money is payable at a given day and place, and the defendant is ready at the time and place, with the money to pay, and there is no person there to receive it, that he has done all that was necessary for him to do, and that no action will lie against him for the money, until a subsequent demand is made of him. The Court further says that the right of the plaintiff, in the first instance, does not depend upon a demand; that it is complete by the terms of the contract, and no demand is necessary; but that after he has been guilty of laches, in failing to attend at the time and place of payment, to receive his pay, his right of action is gone, until he makes a demand, if the defendant attended at the time and place to pay him. If this decision respecting the payment of money at a given time and place, is good law, common sense, and justice, as the Supreme Court of the state of *Ohio* says it is, it must most certainly be good law, common sense, and justice, when applied to contracts for the delivery of specific articles at a given time and place. In the case of *Crouche* v. *Fastolfe*, Sir Thomas Raymond, 418, it is decided that where the payment is to be made at a certain time and place, the defendant may excuse himself by pleading that he was ready to make payment at the time and place appointed, and that no one was there to receive it, and that he has always since been ready, &c., without averring a tender.

Many other cases and dicta may be found in the books which sustain the same principle, but I deem it unnecessary to

24

pursue the books any further; my opinion is fixed, and I will proceed to state it in as few words as possible.

By natural law and justice, every debtor is excused if he does all that the creditor permits him to do, or all that is necessary for him to do, towards a performance; and the common law permits such debtor to plead the facts in bar of any action brought against him for a non-performance. Hence, in the case of a contract for the delivery of specific articles, at a given time and place, if the debtor has the articles at the place on the day, ready to deliver, and the creditor does not attend to receive them, he may plead the facts in bar of an action brought on the contract for a non-performance. In such case the debtor may, if he choose, set off the articles for the creditor, by weight, measure, count, or value, according to the contract, and if the creditor do not come to receive them, the debtor may abandon them, and if he do so, he is discharged from all liability or responsibility; and if the articles be lost or damaged, the loss falls on the creditor. But if the debtor should not abandon the articles, but elect to retain them in his own possession, he is bound to keep them safely at his peril for the creditor, and is liable for them if they are damaged or lost; and he is bound to deliver them to the creditor whenever he calls at the place for them. Where money is tendered on a bond for the payment of money, and the person tendering it elects to retain possession of it, he is always accountable for it, and always must have it ready; and when he pleads the tender, he must bring it into Court and there have it for the creditor; and just so in the case of specific articles, on a plea of readiness to perform, if the debtor retain possession of the articles, he must show that he has kept them safely, and has always been and still is ready to deliver them, and although he is not bound to bring them into Court, yet he must distinctly aver and show where they are, that is, that they are at the place appointed for payment, and that they have always been there ready to be delivered.

The plea of readiness to perform is dictated and sustained by common sense, the common and daily transactions of men, and by the principles of natural justice, and is allowed for the mutual benefit of both parties, and not solely for the benefit of the defendant, as was said in argument; and, therefore, when the defendant elects to avail himself of such a defence, and

retains the articles in his possession, he is bound at his own peril and risk to keep them safely, and to deliver them to the creditor on his demand; and should he neglect or refuse so to do, he is liable in an action of trover and conversion.

It is, however, insisted by the petitioners, that it is in all cases absolutely necessary, that the articles should be set apart and separated from all others, by measure, count, weight, or value, agreeably to the debtor's contract, so that they may be distinguished and known; otherwise, no action can be maintained by the creditor for them. This position is correct in all cases where the debtor wishes to discharge himself, not only from the contract, but also from all future liability for the articles so set apart. Whenever the defendant delivers the articles at the time and place of payment, and there abandons them and leaves them for the creditor, he must set them off by count, measure, weight, or value, agreeably to his contract, so that the creditor can distinguish and know them, and maintain an action of trover and conversion for them, against any person into whose hands they may fall. But where the debtor elects to keep possession of the articles, he undertakes at his own peril and risk, to safely keep them for the creditor, and to deliver them to him whenever he demands them of him at the proper place. By his plea, he admits the facts so to exist, and acknowledges his duty to safely keep and deliver the articles on demand; he makes the whole a matter of record by which he is forever bound. He cannot afterwards dispute the creditor's title; he never can say that he does not know which articles belong to the creditor; he cannot say that the articles are lost or destroyed, or that they are not in his possession. It is therefore sufficient in a plea like this, to describe the articles as they are described in the contract; for the creditor in such case will need no proof, in sustaining an action of trover and conversion against the debtor, other than the plea and a subsequent demand and refusal.

In pronouncing this opinion, I well know that I am differing with many whose opinion is far superior to mine; but I sincerely believe it to be founded in correct and clear principles of law, and my duty requires me to express my own, and not the opinion of others. I am also well apprised that this decision has but few adjudications, which are directly in point, to sustain it; but on the other hand, I am authorised to say that

there is, perhaps, no decision directly in point, which can be considered as authority, contradicting it.

The cases of *Nichols* v. *Whiting*, 1 Root, 443, and *Barns* v. *Graham*, 4 Cow. 452, may be thought, by some, to be opposed; but upon a strict examination they will be found not to be so. In both those cases, the defence set up was clearly unavailable. It was this:—That the debtor was ready at the time and place of payment with the articles, but that there was no one there to receive them. Those pleas both stop here; they do not inform the creditor where his articles are; they do not aver that they set off the articles by weight, count, measure, description, or value, and there left and abandoned them for the creditor; nor do they aver that they retained the articles in their own possession, and had always kept them ready, and still had them ready, at the place, &c. In every point of view, those pleas were insufficient.

If, however, we lay aside all precedent and authority, I think the course here taken is dictated and sustained by the principles of sound policy, natural justice, and good reason, and is not only safe, but is conducive to the attainment of justice between men. Principles of good sense and natural justice, adapted to the transactions of men, ought never to be lost sight of in establishing a municipal code. The common law pays a constant regard to them, and permits no rule of decision which invites or favours a violation of those principles; and a very learned judge has said, that when principles are strong, it is sufficient that there have been no direct decisions in point to the contrary. This system of pleading in those cases, appears to me to be fairly supported by analogy, and is certainly not repugnant to any settled principle of law; by it this branch of pleading and evidence is cleared of contradiction and inconsistency.

I readily admit, that the common law adjudications on this subject, as they stood in the days of Coke, are in some particulars, in apparent confliction not only with some branches of this decision, but also with some branches of most of the modern decisions. But that is not a matter of surprise. At that time, very few actions were brought on such contracts; personal goods, at that day, were scarcely considered worthy of the attention of the law; the action of trover and conversion by the creditor, to recover specific articles of personal goods, after a tender of them in discharge of a contract for the delivery of them, was then unknown.

Since those days, civil society and the relations, duties, and transactions of men, have undergone an entire change. It is since that period that commercial law has taken its rise, and has been, with such wondrous and beneficial effect, applied to all manner of contracts respecting personal goods; hence, the great changes in the law, rules of pleading, and rules of judicial decision. The great excellence of the common law exists in its flexibility; in its being a science which can always adapt itself to every situation of society, and apply the rules of common sense, sound policy, and natural justice, to the transactions of men.

*J. H. Farnham*, for the plaintiffs.

*I. Howk*, for the defendant.