ALBANY,<br>Oct. 1834.

Lamb<br>v.<br>Lathrop.

New trial denied.

---

## LAMB *vs.* LATHROP & COLLINS.

The *tender* of specific articles on the day and at the place specified for performance, where a note is payable in specific articles, is a satisfaction of the contract; and if the *tender* be not accepted, the right of action is not revived by a subsequent demand and refusal.

Consequently a plea of tender in such case needs not the averment of *tout temps prist;* nor is it necessary to aver that the tender was made *in satisfaction* of the debt.

After tender and refusal to accept, the relation of the parties is changed to that of *bailor* and *bailee.*

Where a sum certain is agreed to be paid in *specific articles* at the market price, at the appraisal of *two individuals* it is incumbent upon the promissor to procure the appraisement of *both* individuals named in the contract; it is not enough to show an appraisement by *one*, and an excuse for the omission of the *other.* The appraisement must be by *both*, or the sum stipulated must be paid in *money.* If the appraisement be made, it is not necessary to aver that it was at the market price.

On such a contract, if the specific articles tendered in payment be apraised at an amount exceeding the sum agreed to be paid, the *promissee* is

ALBANY,
Oct. 1834.

Lamb
v.
Lathrop.

not bound to accept the articles *and pay the difference*. In such a case it is at the election of the promissor to tender the *specific articles* at the amount agreed to be paid, or pay the *money* in satisfaction of the debt.

DEMURRER. The plaintiff declared on a note made by the defendants, bearing date 8th March, 1831, whereby the defendants promised, one year after date, to pay to the plaintiff $50 in a horse, neat stock, or first rate pine lumber, to be delivered in Cortland village, at the market price, at the appraisal of two persons of the names of *Bartlett* and Rowley, with use; and alleged non-performance. The defendants *pleaded*, that when the note became due, to wit, on the 8th March, 1832, they *tendered* to the plaintiff the said sum of $50 and the interest thereof for one year, *in a horse*, appraised by *Bartlett* at $70, averring that *Rowley* was not on that day in the state, but was in the state of Pennsylvania, wholly beyond the reach, power and control of the defendants, so that they could not procure his attendance to unite with Bartlett in the appraisal of the horse, and concluding by alleging that the plaintiff *refused to receive the horse* so tendered by them; wherefore they prayed judgment, &c. This plea did not contain the averment of *tout temps prist*. The plaintiff *replied*, that *after* the tender of the horse, to wit, on the 10th day of March, &c. at, &c. he demanded the same horse of the defendants, which horse then was in their possession, and that the defendants refused to deliver the horse to him, unless he would pay to them $16,50, the difference between the appraised value of the horse and the sum of $50, with the interest thereof for one year; concluding with a verification and prayer of judgment. To which replication the defendants demurred.

*J. A. Spencer*, for the defendants.

*M. T. Reynolds*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. The principal question arises upon the plea of the defendants, the validity of which is denied by the plaintiff, and the first ground urged on his part is,

that it is not averred that the defendant is *still ready to deliver the horse.* It is contended, on the authority of *Chipman's Essay on Contracts, p.* 96, that such an averment is necessary ; and that, in a case like this, the replication of a subsequent demand and refusal authorizes a recovery upon the original cause of action. The learned author of this essay argues that as there is at this day no case where property is lost to the creditor by a tender and refusal, it follows that every plea of tender must contain an averment that the property is still ready. It is true that property tendered is not *lost* to the creditor by his neglect or refusal to receive it ; but it is also true that, in the case of a tender of specific articles, the courts in this state consider the contract to deliver or pay such articles discharged. The tender, properly made, is a satisfaction of the demand ; the debt is paid, and the articles tendered become the property of the creditor, and afterwards are kept at his risk and expense. In the case of *Slingerland* v. *Morse, 8 Johns. R.* 478, the court say," we consider it (the tender) a complete bar to the suit upon the contract." In *Shelden* v. *Skinner,* 4 *Wendell,* 528, 9, this subject was again considered by this court, and such a tender held analogous, as it was in the last case cited, to the French consignation, whereby the debtor is discharged. The creditor must resort to the specific articles, and to the person who tendered them as the *bailee* thereof. The relation of debtor and creditor no longer subsists between these parties, but that of *trustee* and *cestui que trust,* or bailor and bailee. *See* 2 *Kent's Comm.* 508, 9, *and cases there cited.* If such be the law, the defendant in this case was not bound to aver that the horse was still ready ; and the plea is not faulty for want of such averment.

The remaining objections to this plea are, that it is not averred that the appraisal was by the persons agreed upon, nor at the market price, nor that the tender was made in satisfaction of the debt. No authority is cited to show that it should be averred that the offer was made in satisfaction of the debt ; the precedents are not so, nor do I see any necessity for such an averment. The plaintiff complains that the defendant did not pay him $50 and interest in a horse, according to his contract. The defendant says, that on the day,

and at the place appointed, he tendered to him the said sum in a horse, according to his contract; that is enough. Nor can it be necessary, in such case, to aver that the appraisement was at the market price. The market price is the price of every article, unless some other is mentioned. The market price, I apprehend, was inserted as directory to the appraisers and the averment that the horse was appraised by the appraisers is sufficiently minute and certain; two appraise at any other price would be a violation of duty, even if the words *market price* were omitted. The presumption, in such cases is, that the persons designated have done their duty; not that they have violated it.

But the objection that there is no averment that the property in question was appraised by the persons agreed upon is not so easily obviated. The defendants, by their contract, agreed to pay $50 and interest for one year, in a horse, at the appraisal of *Bartlet* and *Rowley*. They aver that they tendered the horse at the appraisal of Bartlet; that is not a compliance with the contract. The appraisement by two persons is a condition precedent to the tender; the plaintiff has not agreed to accept a horse at the appraisement of Bartlet alone, nor of Bartlet and any other except Rowley. It is not sufficient that the act done may be equivalent. The plaintiff relied upon the judgment of those particular persons; the defendants undertook to procure it: if they have failed, they must pay the *money*. There is a debt due the plaintiff; he agrees to receive a horse, provided it is appraised by Bartlet and Rowley. The defendants agree to pay the money, if they do not deliver a horse at the appraisal of Bartlet and Rowley. This is the legal effect of the contract. It is manifest that the defendants have not procured the appraisal of the two persons named; and as they have not performed the condition upon which they were to be excused from the payment of the money, it follows that the money must be paid. It is not for the defendants to say that they can make a new agreement for the plaintiff; nor can the court do it. The plaintiff has substantially said, I will not agree to take a horse at all, unless at the appraisal of these two men. I will not take the appraisal of one of them, but of both. The defendants entered voluntarily into the agreement, and they must perform it.

This case appears to me to be analogous to the cases upon fire policies, where, if the certificate of certain persons is required, no other can be substituted. 6 *T. R.* 719. 1 *H. Black.* 254. 2 *id.* 574. This view of the subject is sufficient to authorize a judgment in favor of the plaintiff.

It is not improper to remark, that the plea is defective in another particular, though the point is made here as an objection to the replication. The horse, it seems, was appraised at $70, and the defendant claims the payment of the difference in money, before he is liable to deliver the horse. Under what agreement of the plaintiff do the defendants set up this claim? The plaintiff hath said that he will receive a horse worth $53, on certain conditions; but it does not follow that he is to receive an horse of a greater value, and pay the difference. He has entered into no such agreement. The defendants must tender the horse according to agreement; if he is of greater value, they must either tender him at the amount to be paid, or keep him, and pay the money.

The plea is bad, and the plaintiff is entitled to judgment, with leave to defendants to amend, on payment of costs.