### EVANS *vs.* GORDON.

1. Notes payable in bank are governed by the law merchant.

2. And on such paper, it is not necessary to sue the maker to insolvency, in order to enable the holder to maintain a suit against the endorser—*aliter*, where the note is not payable in bank.

3. Where the consideration of the note, is effects, which belonged to an estate of which the plaintiff is executor, the contract is considered as made with the *individual*, and he need not declare in his *representative* character in a suit on the contract.

4. Where a negotiable note is endorsed immediately to a plaintiff, suit may be brought by him on such endorsement against the endorser, without disclosing that he received it as an executor.

Error to the County court of Wilcox county.

Assumpsit against the endorser of a promissory note.

This action was brought upon a note endorsed by the plaintiff in error, which note was payable to the order of Thomas Evans, negotiable and payable at the Branch Bank at Mobile, and endorsed by said Thomas Evans.

The declaration averred, demand and protest, and the pleas were—

1. *Non-assumpsit.*

2. That the note was not the property of the plaintiff, in his individual capacity.

Verdict and judgment for plaintiff below.

On the trial of the cause, plaintiff proved that the note was given for property which belonged to the estate of one Alexander Gordon, deceased, of whose estate plain-

Evans *vs.* Gordon.

tiff was executor. There was no proof that the maker of the note had been sued to insolvency in any court of record.

Defendant moved the court to instruct the jury, that they could not find a verdict for plaintiff, inasmuch as the suit was not brought by plaintiff in his representative character, and as it was not shewn that the maker of the note had been sued to insolvency, before the commencement of the suit against defendant. But the court instructed the jury, that if they believed the property was not entirely in plaintiff, they could find for him, and it was not necessary, that it should be shewn that the maker of the note had been sued to insolvency, before suit commenced against defendant, in order to entitle plaintiff to a verdict. Defendant objected to the protest offered in evidence going to the jury, which objection was overruled by the court.

It was here assigned as error:

That the court erred, in refusing to give, and in giving the several charges to the jury, stated in the bill of exceptions.

*Porter*, for the plaintiff in error.
*Phillips*, contra.

PER CURIAM.—The note sued on, being payable in bank, is by statute governed by the rules of the law merchant—(Aik. Dig. 329, s. 11.)

It was not necessary to sue the maker to insolvency, in order to enable the holder to maintain a suit against the endorser, as is required by the same statute, when the note is not payable in bank.

Evans *vs.* Gordon.

The other objection is equally unsustainable. The consideration of the note was shewn to be property or effects belonging to the estate, of which the defendant in error was the executor; and in such a case, the contract is considered as made with the *individual*, and he need not declare in his *representative* capacity, in a suit on the contract—(1 Chitty's Plead, 205; 2 Williams on Ex'rs, 1149.)

Such is the rule, when the action is founded on the *contract of sale*, but in this case the note is endorsed immediately to the defendant in error, and the suit could alone be brought in the manner it is instituted.

Let the judgment be affirmed.