*GAYLE *vs.* SUYDAM & BOYD.                    [ *271 ]

Where the holder of a note payable at six months, agreed at the time of the taking thereof, to surrender the note, provided the maker before its maturity gave him a *satisfactory acceptance* at six months, and such acceptance was *tendered* and refused to be received by the agent of

the holder, and was thereupon *destroyed* by the acceptor, who had personally made the tender, *it was held*, that by such destruction the holder of the note became entitled to *elect* whether to sue upon the note, or upon the acceptance, and that an action upon the note brought previous to the expiration of the second period of six months was maintainable.

ERROR from the superior court of the city of New-York. Suydam and Boyd sued Gayle on a promissory note made by him, bearing date 24th March, 1835, payable to the plaintiffs for $1342,88, six months after date, at the United States Branch Bank, at Mobile. On the day the note was given, one of the payees entered into a written stipulation to give up the note to the maker provided he gave them before the note became due, a satisfactory acceptance on some responsible house in Mobile, to be approved by their agent there, at six months from 24th September, 1835, with interest added. The note was sent to the Branch Bank at Mobile for collection. On the 26th September, the note being in the Branch Bank at Mobile, B. Gayle *tendered* at the bank the *acceptance* of himself and partner, constituting the firm of *Gayle & Bower*, a mercantile house transacting business at Mobile, for the amount of the note with six months' interest added, in substitution of the note. The cashier refused to deliver up the note. Whereupon Gayle *destroyed* the acceptance. The house of *Gayle & Bower* were solvent and in good credit at the time of the tender, and continued so until the 22d March, 1837. The plaintiffs commenced this suit previous to the November term, 1835, of the superior court, and declared upon the note and the common money counts. The presiding judge charged the jury that the destruction of the acceptance restored to the plaintiffs their right [ *272 ] to prosecute upon the note, and that the *tender* of the *accept-ance did not, under the circumstances, bar the plaintiffs' right of action. The jury found for the plaintiffs, and the defendant having excepted to the charge of the judge, sued out a writ of error.

*H. B. Cowles & Willis Hall*, (attorney general,) for the plaintiff in error, insisted that the *tender* of the acceptance was tantamount to a payment of the note ; or at least was an extension of the credit, and if an action upon the note was not barred, it was at all events prematurely brought ; that the *destruction* of the acceptance did not change the rights of the parties, and that there could be no recovery in the present form of action.

*D. Lord, jun.* for the defendants in error.

*By the Court*, COWEN, J. Taking both instruments together, the defendant below, in legal effect, contracted to pay $1342,88, on the 27th September, with liberty to discharge the debt by procuring an acceptance at six months from 24th September, on such house at Mobile as should be approved by the agent there of the plaintiffs below. Either for want of instructions, or for some other cause, on the acceptance being tendered, the agent de-

Utica, July, 1840.—Gale v. Suydam.

clined unqualifiedly to accept it.  The tender was made by the defendant's agent, one of the acceptors, who, after the refusal, destroyed the acceptance. The defendant had a right to elect, under the contract, one of the two stipulated modes in which he would make the payment.  He did so ; and thereby his obligation became single to pay by the acceptance.  The tender, prima facie, cut off the right of the plaintiffs to sue either for not paying the money or furnishing the acceptance ; and to all this the court below agreed. They decided, however, that, by the destruction of the acceptance, the right to sue on the note was restored ; and whether they were right in this, is the only question in the cause.

Admitting that the destruction of the acceptance annulled the tender, I think there was no difficulty in the form of the *declara-        [ *273 ] tion.  The contract was a promissory note defeasible by the substituted security.  That not being furnished, the note was left to operate singly, and the pleader was right in declaring on that, or relying upon the general counts without setting forth the provision by which the defendant might come in and substitute the security for protracted payment.  It was intended that a failure to defeat the note in the manner provided, should remit the plaintiffs to their remedy on the note, as an independent contract.

Then was there such a case appearing at the trial as left the note to its unqualified operation ?  The tender was properly made in form so far as it went ; and had it been maintained in substance and effect, might have been insisted on as a bar.  The note would have been discharged and must have been delivered up, and the plaintiffs put to their remedy on the acceptance, of which they might have obtained possession, or sued for its value, if the agent had refused to deliver it on demand, or perhaps they might have sued the acceptors on signifying their willingness to receive it, and offering the note even while the acceptance lay in the hands of the agent of the defendant.  Indeed, according to the decided balance of authority, the property in the acceptance passed to the plaintiffs by the tender.  2 Kent's Com. 508, 3d edit.  But the fatal misfortune to the defence was, that the acceptance was destroyed by the agent.  This was a complete revocation or countermand of all that had been done by way of performance.  It is said the tender was complete, that the agent had performed his office, and had no power to annul the performance ; that he had power only to complete it, as he did do.  But the difficulty is to make out that he did so.  You send an agent to tender an article of a sort which you stipulated to furnish ; its acceptance is declined at the moment, and your agent falling into a pet mutilates it.  Yet you defend without even offering a substitute.  I think your agent has not done his duty.  You were bound to suppose that the article might at once be accepted, that it might therefore *remain for a while on your        [ *274 ] agent's hands, and be demanded of him after the tenderee should

be more fully advised.  Such things cannot always be done in a moment. And by an act of destruction or -mutilation he undoes all that he had performed.  He becomes a, bailee for the tenderee it is true, and the latter may demand of him the subject of the tender, and if he withhold it, sue in trover or some other action ; and, if the thing be not destroyed or mutilated, perhaps this is his only remedy.  *Lamb* v. *Lathrop*, 13 *Wendell*, 95.  But if it be destroyed, or its value impaired by the act of the agent, because not accepted, as it was here, this is a wrong which the tenderee in his election·may treat according to the apparent intent, which is to take back or annul all that has been done.  The tenderor, whether the wrong be done by himself or agent, should not be received to gainsay such a construction.  The tender must be not only formal but *bona fide*.  The tenderor of a chatel need not, in pleading, say *uncore prist, Lamb* v. *Lathrop ut sup. ;* but it must not appear in evidence that he has wilfully rendered the act unavailable.  The obligation to keep the tender is not always imperious as it is where money was tendered.  As to chattels, it is said that the debtor may abandon them. 3 *Kent* 509, *ed. before cited*.  They may be ponderous, their custody troublesome or expensive, and in no case perhaps, where the tenderor retains them, can more than ordinary care in keeping them for the tenderee be demanded. The general rule was laid down in *Lamb* v. *Lathrop*.  They are kept at the risk of the tenderee.  In the case at bar, there was no more excuse for not keeping the bill, to be forth-coming on its being demanded by the plaintiffs below, than for not keeping specie or bank bills tendered and refused.  And the destruction of the bill followed by this defence looks like an intent on the part of the defendant by his own wrong, to deprive the plaintiffs, not only of all remedy, on their note, but on the substituted security provided for by the parties.  I do not deny that the plaintiffs below might have brought trover, or sued upon the acceptance, notwithstanding its destruction ; but I also think they had a right in their election to act upon the defendant's [ *275 ]    *conduct according to its plain language or import, which·was a revocation or annulment of the tender.  The judgment must be affirmed.

Judgment of the superior court of New-York affirmed.