# REPORTS

OF

## CASES ARGUED AND DETERMINED

AT THE

## JUNE TERM, 1847.

---

### McLEOD v. POWE AND SMITH.

1. It is no objection to a count that it states the facts from which the conclusion of indebtedness arises, instead of stating the same conclusion in a common count.
2. Under a special contract to sell slaves to one upon the payment of a sum certain at a specified day, the title vests in the party to whom they are to be sold by the tender of the money, and when the tender is made by an administrator and refused, yet the administrator by the act of tender and refusal becomes the bailee of the money, and as such may be sued by the executor of the other party, where he has successfully sustained an action of detinue on the ground that the title vested in the estate by the act of tender.

Writ of Error to the Circuit Court of Wilcox.

Assumpsit by McLeod, as the executor of R. G. Gordon, against Powe & Smith. The cause of action set forth in the declaration is this:

On the 7th February, 1842, the marshal of the United States for the southern district of Alabama, having an execution in hand issued from the circuit court for that district, in favor of one Clapp for $3558, with interest from the 4th January, 1838, against one A. K. Smith, levied the same on certain slaves as his property. Whilst the slaves were thus

2

under levy, Gordon, in consideration of the natural love and affection which he bore to his sister, she being the wife of said A. K. Smith, and for other considerations, contracted and agreed with Smith, both verbally and in writing, dated the 12th March, 1842, to become the purchaser of the slaves at the marshal's sale, and on the 11th March, 1842, did become the purchaser at that sale of the slaves, at the sum of $4832. It was further agreed to leave the slaves in the possession of Smith until the 1st of January, 1844. It was further agreed, that on the payment of the said sum of $4832 by Smith to Gordon, on the 1st January, 1844, that the said slaves should revest in, and the title be reconveyed to the said Smith. Gordon and Smith both departed this life previous to the 1st January, 1844, and previous to any payment of the said sum, and after the death of Smith, the slaves went to the possession of the defendants as administrators of his estate, as did also the written agreement evidencing the said contract for reconveyance. On the 26th December, 1843, the defendants, with a view to carry out the said contract, tendered to the said plaintiff, as the executor of Gordon, the sum of $4832. This tender the plaintiff refused, and the said slaves, on the 1st January, 1844, were, and ever since then have remained in the possession of the defendants.

On the 1st January, 1844, the plaintiff demanded the slaves from the defendants, and afterwards, on the 12th December, 1844, commenced an action of detinue against the defendants to recover the same in the circuit court of Wilcox county. To this action the defendants pleaded the tender aforesaid, and by reason of this plea and the proof to sustain it, a verdict was found for the defendants at the spring term, 1846.

The declaration then proceeds with the averment that the defendants have never paid the plaintiff the said sum of $4832 so tendered as aforesaid, but that they still hold the same as his money as executor. Also that the estate of Smith was represented by the defendants as administrators to be insolvent, and it was so declared by the proper court. That in the schedules, &c. of this report, no return was made of said money as assets of Smith's estate. It then proceeds to aver a demand of the said sum from the defendants on the

1st January, 1846, and their promise to pay the plaintiff as executor, and concludes with a *super se assumpsit*.

The defendants demurred to this declaration, and the court gave judgment in their favor. This is the only error assigned.

E. W. Peck, for the plaintiff in error insisted—

The legality of the tender operated to vest the title to the slaves in the defendants as the administrators of A. K. Smith, and the money tendered by the same act ceased to be assets of the estate of the said A. K. Smith in the defendants' hands, (which it was before), and thereby became a part of the estate of the plaintiff's testator, R. G. Gordon, notwithstanding his refusal to receive it; it therefore remained with the defendants, not as administrators, but as mere depositaries for the use of the plaintiff as executor as aforesaid, and on his demand they became personally liable for its delivery, and consequently this action was properly brought against them, not as administrators, but personally. [Legro v. Lord, 1 Fairf. 161; 3 U. S. Dig. 514, § 24; Chipman on Contracts, 86, 87, 196, 209-10-11-13-16 and 19, and 88, and the cases referred to by this author; Lamb v. Lathrop, 13 Wendell, 97.]

No counsel appeared for the defendants in error.

GOLDTHWAITE, J.—1. The pleader here, instead of relying on the general allegations that the defendants have received money to his use or admitted their indebtedness by an account stated, has preferred to state the facts from which he deduces their indebtedness as a legal conclusion. We are not aware of any sufficient reason why this course may not be pursued, as, when all is said against it, no other question is presented by the demurrer that would be if the same facts were shown in evidence and a general charge demanded as to their sufficiency to entitle the plaintiff to recover on the common counts. We shall therefore proceed to consider whether the facts stated authorise the party in suing the defendants personally, and not in their representative character.

2. The result of the allegations is, that the plaintiff's tes-

tator entered into a contract to convey the title to certain slaves to the defendant's intestate, if a certain sum of money was paid him at a certain time—that this money was tendered by the defendants, as administrators, to the plaintiff as executor—that it was refused by him—and that this refusal had the effect to destroy his title as executor to the slaves, as well as to vest them in the defendants as administrators of their intestate. The legal question presented is, whether the defendants by this act of tender are to be held responsible in their individual capacity for the money which the plaintiff then refused to accept, but which he subsequently demanded.

There is no question that the effect of the tender was to revest the title to the slaves agreed to be conveyed on the payment of the specified sum at the appointed time. This is the one of the points decided in Sewall v. Henry, 9 Ala. Rep. 24. The consequence of the reinvesting of the title is, that the plaintiff by the same act became invested with the title to the money. Thus, in Lamb v. Lathrop, 13 Wend. 95, there had been a contract to deliver specific articles, and although the court considered the contract was at an end when the articles were tendered, yet they held the effect of the tender and refusal was to create the relation of bailor and bailee between the parties. By the tender in this case the money which previously belonged to the estate of Smith became the property of the estate of Gordon, and the defendants, after the tender, held it, not in their capacity of administrators of Smith, but as individual bailees of the plaintiff as executor of Gordon. In this view it seems clear the action is sustainable against the defendants as individual bailees of the money, and that as such they are responsible to the executor of Gordon.

Judgment reversed and cause remanded.