*Wright & Knapp*, for appellee.

————o o-o————

## Games *v.* Manning.

Where a promissory note for a sum certain, is payable in leather at the tan-yard of the maker, a demand of the leather is not necessary.

In a suit against the maker of a note, or the acceptor of a bill payable at a specified time and place, it is not necessary to aver or prove a demand of payment; and the same rule is applicable to notes payable in specific property.

In order to discharge himself from a note payable in specific articles, it is necessary for the maker to show that he had paid, tendered, or set apart the property as payment of the note.

If a debtor make a tender of the specific articles he has promised, and properly designated and set them apart at the time and place stipulated, and the creditor is not there to receive, or refuses to accept the property, the debt is thereby discharged and the property passes to the creditor.

A demand after a property note becomes due, is a waiver of any previous breach, and gives the maker a second opportunity to pay in property.

*Error to Van Buren District Court.*

*Opinion by* Greene, J. Assumpsit on a promissory note made by G. W. Games for three hundred dollars payable in leather, on or before Jan. 1st, 1844, at his tan-yard. A memorandum on the back of the note, stated the price of sole and harness leather at twenty-eight cents per pound, and upper leather at fifty cents per pound, and the agreement of Games to pay the note in leather at those prices, one third of each kind, one half by the first of September, and one half by the 20th September, 1844, and that Manning agreed to take the leather as above specified. On

the trial, it appeared in evidence, that James Weir to whose order the note was made payable, had assigned it to Manning after it became due, and no evidence was given of a previous demand, or tender, or readiness to pay; that the arrangement stipulated in the memorandum on the note was entered into by the parties to this suit, after the assignment, and that after the last instalment, mentioned therein, fell due, Manning called for the leather at the tannery, and though the defendant below had, and offered enough upper and harness leather to pay the note, the plaintiff required a due proportion of sole leather of which the defendant had none, and failing to furnish the same, the plaintiff refused to receive any leather on the note. Thereupon the defendant asked the court to instruct the jury that the plaintiff could not recover without proving a demand of the leather at the place of delivery before the suit was brought; and that it was not necessary for the defendant to set apart, designate, and keep the leather as a payment, in order to discharge himself from the obligation. But the court refused to give this instruction as asked and in effect charged the jury, that no demand was necessary, that as the stipulations of the note and memorandum required no precedent act on the part of the plaintiff, it was the duty of the defendant to pay, or tender, or set apart, the property of the requisite kinds and quantities at the time and place specified. The court also instructed the jury, that the subsequent demand, was a waiver of any previous breach, and if the property had been delivered, or tendered or set apart in payment upon such demand, or if it had been done in a reasonable time thereafter, and notice thereof given to the plaintiff, it would have been a sufficient performance, in default of which the contract would be again broken. Verdict and judgment for the plaintiff, for the balance due on the note.

To these proceedings, various objections have been urged which may be comprised under three heads.

1. In order to enable the plaintiff to recover on the note, was a previous demand of the property necessary?   Agree-

able to the prevailing current of American decisions, it is not necessary to prove a demand of payment in an action on a promissory note, payable at a particular place, in order to enable the plaintiff to recover against the maker, though it would be otherwise when the recovery is sought against the indorser. 11 Wheat. 171; 17 Mass. 389; 15 Pick. 212; 4 Conn. 465; 3 N. H. 33; 8 Cowen. 271; 3 Wend. 13; 6 Ala. 701, 865; 8 Port. 346; 1 How. Miss. 230; 3 Pike 389; 1 Scam. 466, 578; 13 Peters, 136; 8 Vt. 191.

The decisions upon this point, it is true, refer mainly to notes payable in money, and not in specific articles. But we think no good reason can be given, why the rule should not be as applicable to property notes as it is to those which are payable in money, especially in this state, where by statute, an instrument of writing or a contract in the form of a promissory note, payable in articles of personal property, is rendered negotiable, and is treated as a promissory note in all particulars affecting the rights and liabilities of the parties thereto. *Rev. Stat.* 451, 455.

In Vermont, where notes payable in specific articles occupy nearly the same commercial relation that they do in this state, (*Denison* v. *Tyson*, 17 Vt. 459,) no demand is necessary before bringing suit on a note payable in specific property on a day specified, *Elkins* v. *Parkhurst*, 17 Vt. 105. The court say in that case, that a special demand has never been held necessary when a day certain is fixed for the payment of the specific articles. And in *Fleming* v. *Potter*, 7 Watts Pa. 380, no demand was held to be necessary.

The obvious interpretation of the promise made by the note in this case is, that the specific kinds and quantity of leather should be ready for the plaintiff at the place, and on the day specified. The promise is without condition, it contemplates no preliminary act or precedent demand; but undertakes an absolute performance by the maker, whether the holder of the note is present at the time and place to receive the specific articles or not. The absence of the plaintiff, could not exonerate the defend-

ant's liability to have the property ready for him, according to the stipulations of the note. If the defendant had shown that he was ready to deliver the specific articles, according to the tenor and effect of the note, but did not designate and set them apart, it would then have been incumbent on the plaintiff to prove a subsequent demand, or a refusal by the defendant to make the payment. *Conn* v. *Gano*, 1 Ohio 211, Ham. 486. But we do not deem it necessary to enlarge upon this point, for the uniform course of American decisions shows, that when the suit is against the maker of a note, or the acceptor of a bill of exchange made payable at a specified time and place, it is not necessary in order to maintain the action, to aver, or prove on the trial, that a demand of payment was made, and this doctrine we consider applicable to notes payable in specific articles.

2. The next question to be considered is, was it necessary for the defendant, in order to discharge himself from his obligation, to show that he had paid, or tendered, or set apart the leather as payment of the note? By the instruction to the jury, the court below decided this question in the affirmative, and this it is claimed was erroneous. The authorities do not appear to run in the same current upon this point, but the better opinion appears to be that if the debtor makes a tender of the specific articles he has promised, *and properly designate and set them apart*, at the time and place stipulated, and the creditor is not there to receive, or refuses to accept the property, the debt is thereby discharged, and the right of property in the articles thus designated and set apart, passes to the creditor. *Slingerland* v. *Morse*, 8 John. 474, 478; *Sheldon* v. *Skinner*, 4 Wend. 528; *Lamb* v. *Lathrop*, 13 *ib.* 95, 97; *Garrard* v. *Zachariah*, 1 Stewart's Ala. 272; *Thaxton* v. *Edwards*, *ib.* 524; *Smith* v. *Loomis*, 7 Conn. 110; *Robinson* v. *Batshelder*, 4 N. H. 46; *Gilman* v. *Moore*, 14 Vt. 457; 2 Kent's Com. 507; *Zim* v. *Rowley*, 4 Barr. 169.

*Johnson* v. *Baird*, 3 Blackf. 153, 182; was an action on a promissory note payable in hats at a certain time and

place. The defense set up was that at the time and place the note became due, the defendant was ready with the hats, to pay and discharge the note, but that no person attended to receive them, that he had always been, and still was ready to deliver them at the place appointed, if the plaintiff would attend to receive them. This was held to be a good defense to the action. But the case was decided upon the sufficiency of a plea of readiness to perform, in which the *uncore prist* was fully averred. In connection with that decision the court say, "that when the defendant elects to avail himself of such a defense, and retains the articles in his possession, he is bound at his own peril and risk to keep them safely and deliver them to the creditor on his demand; and should he neglect or refuse so to do, he is liable in an action of trover or conversion;" and they further say, that by his plea he acknowledges his duty to so keep and deliver the articles, and makes the whole a matter of record by which he is forever bound. This reasoning of the court, clearly shows that something more than a mere readiness to pay must be proved, in order to discharge the defendant from all liability on the contract. In order to keep those particular articles safe for the creditor, they must have been *set apart* or designated as the property of the creditor, and not remain indiscriminately commingled with like articles retained by the debtor or owned by others. And in the same opinion the court admit that the defense would be clearly unavailable, if it merely set up "that the debtor was ready at the time and place of payment, with the articles, but that no one was there to receive them." 3 Blackf. 188. So in *Dorman* v. *Elder*, *ib.* 490, where it was pleaded in bar to an action of covenant, for the non-delivery of hogs worth a certain sum, by a specified time, that the hogs were set apart at the time stipulated, and that the plaintiff failed to attend; it was held that the plea should have stated the number of hogs so set apart, and also that they then were left at the place for the plaintiff, or that they were and always had been ready to be delivered. In these decisions

we can see nothing to militate against the propriety of the instructions in the present case. They certainly require something more to bar such actions, than a mere readiness to deliver the property at the time and place appointed. The property should, at least, be set apart and designated for the benefit of the creditor. We conclude then, that the court below in charging the jury, did not require more proof than would have been necessary to discharge the defendant from his obligation.

3. So far as the concluding instruction of the court is concerned, we think the plaintiff in error has even slighter grounds for objection. The subsequent demand being a waiver of any previous breach, the defendant had a second opportunity to deliver, or tender, or set apart the specific articles, in payment of the note upon such demand. To this instruction we can see no legal objection, nothing in it that could result in hardship or inconvenience to the defendant. But the court went still further in his behalf, and instructed the jury, that if the property had been set apart as payment in a reasonable time after such demand, and notice thereof had been given to the plaintiff, it would have been a sufficient performance. The plaintiff in error at least has no right to complain of this branch of the charge. It was as favorable to him as it well could be, in affording him a reasonable time after the subsequent demand, to discharge the note in leather. His failure to deliver the leather on such demand, gave the holder of the note an immediate right to his action; and it may well be questioned, whether he was under obligations to delay it even a reasonable time for such a notice.

                                                    Judgment affirmed.

*Wright & Knapp*, for plaintiff in error.

*J. C. Hall*, for defendant.