[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 584 
As in this case the plaintiffs, if they can maintain their suit at all, must rely upon title to the note, acquired through the tender made to them by Benedict Co., it is unnecessary to consider whether they were bound to accept the note when tendered. Their present position is, that they have accepted and acquired the title to the note. That the tender made by Benedict Co. was sufficient in form is not denied; and as the plaintiffs must in this action assume that the note tendered was all that the contract gave them a right to require, it is clear that Benedict Co., immediately upon making the tender, were in no default. They had done everything which they were bound to do in performance of the contract, and all that could possibly be done on their side. The cases in this state are uniformly to the effect that, after such a tender, the contract, under which it has been duly made, can afford no ground of remedy to the party who has refused to accept, *Page 585 
but that he must seek his relief by taking the property tendered, or against the party in possession thereof, who is regarded as his bailee. (Coit v. Houston, 3 John. Cas., 243, 258;Sheldon v. Skinner, 4 Wend., 525; Slingerland v. Morse,
8 John., 474; Lamb v. Lathrop, 13 Wend., 95; Bement v.Smith, 15 id., 493.)
The debtor may abandon the goods so tendered, but if he elects to retain possession of the goods it is in the character of bailee to the creditor, and at his risk and expense. (2 KentCom., 508, 509.)
The principle applies likewise to cases where the contract remains executory, both as to payment and delivery of the articles tendered; for it has been settled that where goods have been bargained and sold, and the buyer, upon a tender of them, refuses to accept and pay the price, the vendor may treat the goods as belonging to the vendee and sue him for the whole price, or may sell them on his account and recover the difference between the agreed price and that obtained on the sale. (Sands
v. Taylor, 5 John., 395.)
Where, however, the consideration has been received on one side, and all that remains to be done on the other is to deliver specific articles; if they are refused on a tender, and they are not such as entail expenses in keeping or are subject to perish from their natural inherent tendency to decay, the bailee, as the tenderer on refusal will become, by operation of law, if he retain the articles tendered, will not have authority to dispose of them. His whole authority, as well as his character of bailee, proceeds on the ground of a necessary fiction of law, to attain justice, and his authority is not to be extended beyond the necessity in which it takes its rise. Benedict Co. had, therefore, no authority to sell the note of Leggett Co. to Wm. H. Leggett; and although he agreed for the purchase and paid the price of it before it became due, it was with full knowledge of the facts relating to it. His title is, therefore, *Page 586 
defective; and as Benedict Co. held the note as mere bailees for the present plaintiffs, no demand of them for the note was necessary. It already belonged to the plaintiffs by the tender, and they might rightfully sue upon it. The case shows that the note was accidentally destroyed by the fire which consumed the store of Benedict Co. The statute (2 R.S., 406, §§ 75, 76) applies only to lost notes. Upon a note accidentally destroyed an action may be maintained without indemnity. (Hinsdale v. Bankof Orange, 6 Wend., 378; Blade v. Noland, 12 id. 173.)
The judgment must be affirmed.