## Martin v. Bush.

### CONTRACT TO DISCHARGE DEBT BY LABOR. *Condition precedent.*

1. Upon a contract to preform labor to a certain value in discharge of an obligation, the covenantor cannot insist as a condition precedent, that the covenantee seek him, and notify him where the work is to be done; but it must appear that the covenantor sought the covenantee on the day fixed in the contract for the commencement of the work, expressed his willingness to perform the work, and his desire to be shown where it was to be done and that he has continued ready to perform the work whenever the place should be pointed out. (Massey v. Shields, Meigs 78.)

2. Same. *Breach of.* Unless the covenantor saves his contract by such a tender and continued readiness, his right is gone, and the right in the covenantee to demand the money value of the services becomes absolute.

3. Same. *Statute construed.* The Act of 1807, ch. 95, does not apply to a contract in the following words: "One day after date I promise to pay R. B. Cartteman or bearer Five Hundred and Ten Dollars, in Masonary work, at customary prices, value received, etc." Such a contract is governed by common law principles.

WRIGHT, J., delivered the opinion of the Court:

This action is founded upon the following instrument,

"NASHVILLE, Nov. 1856.

"One day after date, I promise to pay R. B. Cartte-

Martin v. Bush.

man   or   bearer,   Five   hundred   and   ten   dollars   in Masonry work,  at  customary  prices.  Value  received. Witness my hand  this day above.     CHAS E. MARTIN."

The question is,  has there been any breach of contract.   If  so,  when  and  to  what  extent  was  the  plantiff entitled to recover ?   At common law it was not incumbent upon  the  plaintiff to designate  the  place  where the  Masonry  work  should  be  done, as  a  condition precedent  to  its  performance  by  the  defendant.   On the  contrary,  it  was  the  duty  of  the  defendant,  if  he wished  to  save  his  contract,  to  have  come  on  the  next day after its  execution,  and  have  offered  to  commence the  work,  with  a  desire  to  be  shown  where  it  was  to be  performed.   Had  he  done  so,  and  Cartteman,  or the  plaintiff,  who  is his  assignnee,  had  then  failed  to show  the  place,  he  would  have  been  excused,  provided he  continued ready  to  perform the  work,  whenever  the place  should  be · pointed  out.   It  is  not  pretended  he did  this,  and the  covenant  in his  contract became  at once broken.   As authority in  his support of  this construction, we  refer  to  the  case ·  of  Massey  vs.  Shields,  Meigs Rep.  78,  where  a  contract  having  very  much  resemblance  to  this,  and  not  distinguishable from  it  in  principle,  received a like  construction  by the  Supreme  Court of  this State.   To  the  same  effect  are  the  authorities, English  and   American.  2  Greenl.  Ev.  sec.  610,  and note  to  Massey  vs.  Shields,  and  cases  cited.   And though  the  defendant,  so  long  as  he  saves  his  contract,  had  the  right  to  pay this  note  in  masonry,  yet after  the  day of  payment  was  past  and  his  contract, broken,  his  right  to  do  so  was  gone,  and  the  payees right  to  demand  the  money  value  of  the  services,  as fixed  in  the  contract,  became  absolute.   Maningor  vs.

Page, 4 Hum. 247; Longtry vs. Walker & Polk, 6 Hum. 336.

This is not a contract for the payment or delivery of property within the act of 1807, ch. 95, but for the performance of labor and service, and the case must therefore be determined upon common law authority. The case of Massey vs. Shields, must be held to have been so decided. But if this were so, the language of the act is plain, and does not embrace such a contract as this.

The case of Maningor vs. Page, it is true, was upon a contract for labor, and may seem to be against our conclusion, but it is really not so, and this question was not debated or decided; and it is manifest from a remark of Judge Reese, who delivered the opinion of the Court, that it was considered that the act of 1807, did not apply to such a contract. This being so, and the right of the parties having become fixed by the breach of the contract, the giving of the notice, by the plaintiff afterwards, requiring the performance of the work, under the mistaken impression that the law made it necessary for him to do so, can have no effect in the case, and the more especially so, as the jury have found, and we think properly—that the defendant even then failed to perform the work.

In this view of the case, it is plain that Rogers vs. Love, et al. 2 Hum. 417, to which we have been referred, has no application.

*Affirm the judgment.*

Co. Litt. 210 b. (Vol. 2 Thomas' Ed. p. 41.)
2 Kent Com. 507, *et seq.* Bixby v. Whitney, 5 Greenl. R. 192 ; Bean v. Simpson, 16 Maine R. 49; Howard v. Miner, 20 Maine

R. 325 ; Mingus v. Pritchett 3 Dev. 78. S. P ; Currier v. Currier 2 N. H. Rep. 75 ; Chip. Con. 25,26,27 ; Stone v. Gilliam, Show. 149; Lobdell v. Hopkins, 5 Cowen, 516. But see Minor v. Michie, Walk. Missis. 24. See also Roberts v. Beatty, 2 Penn. R. 65 ; Aldrich v. Albee, 1 Greenl. R. 120; Lamb v. Lathrop, 13 Wend. 95 ; Barr v. Myers, 3 Watts & Serg. 295; Slingerland v. Morse, 8 Johns. R. 474 ; Mason v. Briggs, 16 Mass R. 453 ; Scott v. Crane 1 Conn. R. 255 ; Brown v. Berry, 14 N. H. R. 459; Robinon v. Batchel der, 4 N. H. R. 46; Smith v. Loomis, 7 Conn. R. 110; Johnson v. Baird, 3 Blackf. 182; Donman v. Elder, Ibid. 490; Weld v. Hadley N. H. R. 295.