### IN THE

# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1860, IN THE FORTY-
FIFTH YEAR OF THE STATE.

---

### PRATT and Others *v.* GRAFF.

The defendants, by the style of *Pratt & Co.*, made their note to *Bowser &
Story* for $201, payable out of *the* mill and warehouse, as the payees
might order; the note was assigned to *Graff.* Suit by *Graff,* alleging
that he demanded payment out of the mill and warehouse of defendants,
who refused to pay, &c. The defendants answered, that at all times
since they made the note, they had been, and still were, ready and willing
to discharge the same, at their mill and warehouse, with such chattels as
they had therein for vending purposes. The evidence showed that *Graff*
had demanded payment in flour, and had been answered, that they had
no flour then on hand.

*Held,* that the ambiguity of the note was sufficiently explained by the
averment, that it was payable out of the mill and warehouse of the
defendants.

*Held,* also, that the holder of the note was entitled to demand payment in
such articles, the usual manufacture of the mill, or usually kept in the
warehouse, as he might elect to receive.

*Held,* also, that the answer of the defendants was not a valid defense to the
action; that, to make the defense good, it should have been averred that

Nov. Term,
1860.

PRATT
v.
GRAFF.

the defendants were ready to pay, &c., out of the mill and warehouse, in such articles therein, for vending purposes, as the plaintiff should order. *Held*, also, that the answer of the defendants to the demand of payment in flour, without an offer to pay in other property, or in the article demanded, at some subsequent reasonable time, was, in effect, a refusal to pay the note.

*Monday,*
*November* 26.

APPEAL from the *Allen* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, brought this action against *Pratt & Co.*, alleging, in his complaint, that the defendants, on *March* 10, 1858, by their note of that date, promised to pay *Bowser & Story* $201, *out of the mill and warehouse* of the defendants, as they, *Bowser & Story*, should order it; and that said *Bowser & Story* afterward, &c., assigned the note to the plaintiff.

It is averred that after the assignment on *March* 26, 1858, the plaintiff demanded and ordered payment of the defendants, out of their mill and warehouse; but they refused to pay, &c. A copy of the note was filed with the complaint, and reads thus: "*Fort Wayne, March* 10, 1858. Due *Bowser & Story* 201 dollars, to be paid out of *the* mill and warehouse, as said *Bowser & Story* may order it." (Signed) "*Pratt & Co.*"

Defendants answered by eight paragraphs. The first is a general traverse; demurrers were sustained to the second, third, fifth, and eighth; and upon the fourth, sixth, and seventh issues were made. The Court tried the cause, and found for the plaintiff; and, having refused a new trial, rendered judgment, &c.

The errors assigned, so far as they are noticed in the appellant's brief, relate: 1. To the sufficiency of the complaint; 2. To the action of the Court upon the demurrer to the third paragraph of the answer; and 3. To the refusal to grant a new trial.

As has been seen, the note promises to pay "out of *the* mill and warehouse, as the payees may order," without designating the particular mill and warehouse out of which payment was to be made. Hence, it is argued that the note is ambiguous; and, being so, the complaint is defective, because it fails to aver extrinsic facts sufficient to explain the ambiguity. This position is not well taken. It is averred, "that

HARVARD
LAW SCHOOL
Nov. Term,
1860.
PRATT
v.
GRAFF.

the note was to be paid out of the mill and warehouse of the defendants, and that the plaintiffs demanded and ordered such payment, and they refused to pay," &c. The averment thus made, it seems to us, renders the complaint a sufficient cause of action. It explains the ambiguity, by showing that the mill and warehouse of the defendants were intended by the contract. And if, as alleged, they refused to pay on demand, the plaintiff's right of action at once accrued.

The third paragraph of the answer alleges, "that defendants, at all times since they made the note, have been, and still are, ready and willing to discharge it, at their mill and warehouse, with such chattels as they have therein for vending purposes." This is not a valid defense to the action. As we construe the note, the plaintiff was entitled to payment in such articles of property, the usual manufacture of the mill, or usually kept in the warehouse, as he might elect to receive. 2 Phil. Ev. 4 Am. Ed. p. 746, note 1. For aught that appears in the defense, the defendants may have been ready, &c., to discharge the note, in articles of property of their own choice, and not in such as the plaintiff elected to receive in payment. To render the defense effective, it should have averred that the defendants were ready, &c., to pay the note "out of the mill and warehouse," in such property therein "for vending purposes" as the plaintiff should order, and that the plaintiff had not attended at the place of payment and given such order. Chipman on Cont. 101.—*Johnson* v. *Baird*, 3 Blackf. 182.

Upon the trial, the plaintiff gave in evidence the note with the indorsement, and then produced a witness, who testified that "he called on the defendants, at their warehouse, with the note, and demanded its payment of them in flour; when they replied 'that they had no flour then on hand.'" At the time of this demand, there appeared to be a large quantity of other goods in the warehouse; but to whom they belonged, witness did not know. This was all the evidence. Was it sufficient to sustain the verdict? The evidence allows the inference, that the person who made the demand, having the note in his possession, was the authorized agent of the plaintiff. Indeed, his authority as such agent was not questioned.

by the defendants: and from their reply to the demand "of payment in flour," it may be readily inferred that that was one of the articles usually manufactured in the mill, or usually kept in the warehouse. But it is said, that the evidence was unauthorized by the averments in the complaint. We think otherwise. The reply of the defendants to the demand, viz: "that they had no flour then on hand," without an offer to pay in other property, or in the article demanded, at some subsequent reasonable time, was, in effect, a refusal to pay the note. The court, sitting as a jury, has so construed the facts presented by the evidence, and we are not inclined to disturb its conclusions.

· *Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*William S. Smith, William M. Crane, D. H. Colerich,* and *L. M. Ninde,* for the appellants.

*M. Jenkinson,* for appellee.