CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant, *v.* ROMER HOLDING CO., INC., Respondent, Impleaded with THE HORN & HARDART COMPANY and Others, Defendants.

First Department, February 11, 1932.

*Francis S. Bensel* of counsel [*Henry E. Kelley* and *Vincent Keane* with him on the brief; *Larkin, Rathbone & Perry*, attorneys], for the appellant.

*Arthur G. Weinberger*, for the respondent.

McAvoy, J. The action is in foreclosure of a first mortgage. A receiver appointed to collect rents is still in possession of the premises.

A default existed in the payment of the last half of New York city real estate taxes for the year 1930 from November 1, 1930, to the date of commencement of the action, and default likewise existed in payment of the semi-annual installment of interest due on the indebtedness secured by the said first mortgage from March 18, 1931, to the date of commencement of the action. The parties made an agreement, dated May 7, 1929, extending the term of said first mortgage for a period of five years to March 18, 1934, and that agreement contained the following provision: " 17. That in the event of any default in paying said principal or interest, the rents and profits of the mortgaged premises are hereby assigned to the holder of said mortgage as further security for the payment of said indebtedness."

The agreement also provided " that the whole of said principal sum shall become due after default in the payment of any installment of principal or of interest for ten days, or after default in the payment of any tax, water rate or assessment for thirty days after notice and demand." These defaults have existed longer than the respective periods mentioned in said agreement and the plaintiff had accordingly declared the whole principal sum due and payable.

The defendant Romer Holding Co., Inc., interposed an answer to the complaint which did not contain any denial of any allegation of the complaint, but set forth a defense to the effect that, in May, 1931, just prior to the commencement of the action, the plaintiff and said defendant had entered into an agreement whereby said defendant agreed to assign to the plaintiff certain rents to grow due from the mortgaged premises and that the plaintiff agreed to apply the sum so received by it to the payment of interest and principal installments on its mortgage, to the discharge of any liens of real estate, taxes, assessments and water rates and to pay the necessary maintenance charges of the premises, and that the plaintiff further agreed that it would not, prior to September 1, 1931, begin any action to foreclose its mortgage by reason of any of the acts or defaults set forth in the complaint. The defense states that the defendant Romer Holding Co., Inc., tendered to the plaintiff a duly executed assignment of said rents, that the plaintiff refused to accept the same and that the action was begun by the plaintiff prior to September 1, 1931, in violation of its alleged agreement.

The plaintiff moved for judgment on the pleadings and for the appointment of a referee to compute the amounts due upon the mortgage, which motion was denied upon the ground that the

affirmative defense set forth in the answer was sufficient to raise an issue.

We reach a different conclusion and hold that the alleged agreement for forbearance is no defense to the foreclosure of the mortgage.

Under the terms of the mortgage the plaintiff as mortgagee had the right to foreclose the mortgage by reason of the existence of the defaults alleged in the complaint. The agreement to assign rents for the purpose of paying the items specified in the defense does not constitute consideration to the mortgagee for forbearing to foreclose. It is even less in benefit to the mortgagee than the assignment of rents as security contained in the mortgage. The alleged extension without consideration to support it is not sufficient to defeat the plaintiff's right.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion for judgment on the pleadings and to appoint a referee to compute granted.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted.