CITIZENS SAVINGS BANK, Appellant, *v.* 104 EAST 113TH STREET CORP. and Another, Respondents, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK and Others, Defendants.

First Department, February 7, 1936.

*C. DeWitt Rogers*, for the appellant.

*Charles Sonnenreich*, for the respondents.

TOWNLEY, J. This is an action to foreclose a first mortgage. Prior to its commencement and on December 21, 1933, defendant owner (104 East 113th Street Corp.) made an assignment of rents to the plaintiff in which the second mortgagee (Dora Pearlman) joined. At the time of the assignment, defendant owner was in default in the payment of principal, interest and taxes. The building was in a bad state of repair and only a nominal amount of rent was collected. During the time plaintiff was in possession under this assignment a fire occurred and it collected $4,500 in

insurance. Plaintiff could have applied this money to repairing the building or as a credit on account of the principal of the mortgage. Instead, it carried on its books a rent assignment account covering this property and the $4,500 when collected was credited to that account. Against this account were charged all current defaults in payment of interest and taxes. On March 31, 1935, plaintiff sent the defendant owner a statement, as of April first, showing an unallocated balance of $336.42 in this account. Thereafter on May 15, 1935, there was a default in the payment of $120.15 interest as well as a prior default in the payment of taxes on April 30, 1935. Under the mortgage, on a default in payment of taxes, suit for the principal amount could not be brought until ninety days after demand. This action was begun on June 24, 1935.

The defendant set up various defenses in opposition to the motion for summary judgment. It is claimed that the assignment of rents was made in consideration of an oral agreement on the part of the plaintiff to make certain repairs and improvements to the property and that such repairs were not made. Under the mortgage, however, the mortgagee was entitled to an assignment of rents on default and the owner under those circumstances is in no position to bargain for any condition under which the assignment shall be made. (*Central Hanover B. & T. Co.* v. *Romer Holding Co., Inc.*, 234 App. Div. 419.) The written assignment while granting the plaintiff the right to make repairs and improvements expressly relieves it of any obligation to do so. Whatever the prior conversations were, they were merged in the assignment and no defense in either tort or contract is stated.

Another defense is that this action is premature. This claim is based upon the contention that plaintiff was bound to apply the balance shown by the statement of April first to the payment of the default in interest which occurred on May fifteenth. This money was the proceeds of a fire insurance policy and it was entirely at plaintiff's option under the Real Property Law, section 254, subdivision 4, whether the money should be charged against the principal or not. The rent assignment agreement also gave the mortgagee full discretion as to the disposition of any funds received.

The plaintiff in its complaint has elected to credit $1,984.45 of insurance money on account of principal. This claim contradicts the statement of April first. But, assuming that the statement of April first could not be repudiated and was a binding allocation in settlement of the defaults therein mentioned, it is obvious that the plaintiff was in no way estopped to claim that the $336.42 balance was thereafter applied on account of principal. No claim of reliance on the balance shown as available for future defaults is made and

there is no suggestion that otherwise the interest would have been paid. All facts point to a complete lack of intention to make any current payments. It thus conclusively appears from the papers that after May 15, 1935, and at the time of bringing this action, there was a default in the payment of $120.15 interest. In view of this default the Moratorium Law (Laws of 1933, chap. 793, as amd.) was no bar to the bringing of this action for the full amount due under the mortgage.

There is a counterclaim for waste in permitting the property to fall into disrepair. On the merits no facts are shown in the affidavit which justify the claim of waste, since neither the assignment of rent nor the mortgage imposed any duty to repair on the mortgagee. The claim of waste as herein developed arises because after the tenants were dispossessed, the front door was boarded up and trespassers during the winter of 1934 removed the boarding and carried away fixtures, broke glass and carried off bricks. The waste charged consists entirely of non-action where there was no affirmative duty to spend money watching the premises. Without passing on the merits of such a claim, the fact remains that the counterclaim may not be interposed in this action since all that is demanded in the complaint is a foreclosure without any deficiency judgment and the counterclaim does not tend to diminish the relief sought in the complaint. (*Lipman* v. *J. A. I. Works*, 128 N. Y. 58.)

The plaintiff has been more than liberal in allowing practically all of the insurance moneys to be applied in reduction of arrears of interest and taxes. It could have immediately applied the entire amount in reduction of principal and brought foreclosure nearly two years prior to the time it did. Defendant owner has paid nothing on account of either interest or taxes since November, 1932. The affidavits in opposition present no triable issue of fact and the order should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion for summary judgment should be granted.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted.