## (January 11, 1939.)

GULF OIL CORPORATION, Respondent, v. HAROLD DOUGHERTY and ALBERT DOUGHERTY, Appellants.— Judgment and order affirmed, with costs. Memorandum: The defendants may not claim that there was any extension of the time of payment or change in the terms of the original notes, as a consideration for the giving of the second set of notes, because as to the notes contained in the second set each matured at the same time as the corresponding note in the first set and each contained the same terms. The notes contained in the second set must be deemed to be in accordance with the understanding and agreement of the parties and to mature on the respective dates so agreed upon. These notes having been destroyed in a fire, the defendants did not have the right to demand security therefor before paying them as they became due. (*Des Arts* v. *Leggett*, 16 N. Y. 582; *Hoxie* v. *Kennedy*, 46 Hun, 675; 10 N. Y. St. Repr. 786; *Scott* v. *Meeker*, 20 Hun, 161.) Any promise to give security after the second set of notes had been delivered did not operate as an extension of the time of payment of such notes, as there was not any consideration for such promise. (*Central Hanover B. & T. Co.* v. *Romer Holding Co., Inc.*, 234 App. Div. 419; *Syracuse Trust Co.* v. *First Trust & Deposit Co.*, 239 id. 586.) Therefore, the failure to pay the notes at maturity constituted a material breach of the contract between the parties,

and the plaintiff had the right to refuse to fulfill any obligations on its part thereunder. The counterclaim was, therefore, properly dismissed. All concur. (The judgment is for plaintiff in an action to recover amount due on promissory notes. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.